JOHN N. CORNELL, Respondent, *against* DANIEL DONOVAN *et al.*, Appellants.

(Decided December 5th, 1887.)

An appeal will not be dismissed on motion of the respondent on the ground that the appellant, though the judgment appealed from is in all respects adverse to him, has pleaded it as a defense to an action in which the respondent is not a party.

An attorney has not a right to a separate action for his costs on an undertaking given on obtaining an order of arrest, which order has been set aside. Section 66 of the Code of Civil Procedure, giving an attorney a lien for costs, does not give the right to such action.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury.

The action was brought to recover an attorney's costs, on an undertaking given by defendants on obtaining an order of arrest, which order of arrest had been set aside.

The facts are stated in the opinion.

Cornell *v.* Donovan.

*Joseph C. Wolff*, for appellants.

*Horace Secor, Jr.*, for respondent.

VAN HOESEN, J. — If an appellant seeks to reverse a judgment, he must abstain from enforcing those parts of it that are in his favor, if they be so connected with or so dependent upon the parts that he assails, that they ought all to stand or fall together (*McNamara* v. *Canada Steamship Co.*, 11 Daly 297; *Knapp* v. *Brown*, 45 N. Y. 210; *Barker* v. *White*, 58 N. Y. 211; *Matter of N. Y. Cent. R. Co.*, 60 N. Y. 117).

The respondent moves to dismiss the appeal in this case on the ground that the appellant, though the judgment was in all respects adverse to him, has pleaded it as a partial defense in an action in which one Robert G. Cornell is the plaintiff, and the defendant in this suit is the defendant. How the respondent can be prejudiced by this use of the judgment in this action, I am unable to discover. If this judgment be right, the respondent can enforce it without reference to the proceedings that have been had in the other action. He is not a party to that action; to him all the proceedings therein are *res inter alios acta*, and he is not affected in any way by them. Moreover, this judgment contained no provision in the appellant's favor, and the use he made of it was not to secure an advantage that it conferred upon him, but to show the court in the other action that he had been adjudged in this action to be liable to the plaintiff here for some of the very damages that the plaintiff in the other action was seeking to recover from him. But, as I have already said, the plaintiff could not be injured by the appellant's use of the judgment, and hence he has no right to complain of that use. The party aggrieved is the one to complain. The motion to restrain the appellant from prosecuting the appeal should be denied.

This judgment is palpably erroneous, and should be reversed. Donovan brought an action against Robert G. Cornell, and obtained an order for his arrest. He gave the

undertaking required by law on obtaining the order of arrest. The order of arrest was set aside, and thereupon two actions were brought upon the undertaking; one by Robert G. Cornell, and the other by the plaintiff, who is the assignee of John T. Cornell, who was the attorney for Robert G. Cornell. Of course, the action by the party who was arrested, Robert G. Cornell, was well brought, but this action had its origin in the notion that the attorney for the defendant had a separate cause of action of his own upon the undertaking for the costs that were awarded to the defendant when the order of arrest was set aside. It seems to have been supposed that section 66 of the Code gave to the attorney a right of action upon the undertaking. That section 66 does not give such a right of action is too clear to require discussion. The effect of section 66 has been carefully considered on many occasions, and the change that it effected in the old law is well understood. It gives to the attorney a lien upon the cause of action of the plaintiff, or upon the counterclaim of the defendant, so that no settlement can be made by the parties without reference to the compensation that the attorney is entitled to receive. Formerly the attorney had no lien on the cause of action, or the counterclaim, but only on the judgment. No other change in the law was made (*Tullis* v. *Bushnell*, 12 Daly 217; *Dimick* v. *Cooley*, 4 Civ. Pro. 141; *Matter of Wilson*, 2 Civ. Pro. 343; *Stahl* v. *Wadsworth*, 13 Civ. Pro. 32).

Something was said at the argument about the undertaking being collateral security. Collateral to what? It is a primary obligation entered into for the indemnity of a defendant who may be arrested improperly. He is the party who is to sue, and whatever damages are recoverable must be obtained in the action that he brings. It is a waste of time to pursue the matter further. The plaintiff cannot recover, and the judgment must be reversed, with costs to the appellant.

LARREMORE, Ch. J., and J. F. DALY, J., concurred.

Judgment reversed, with costs.