Dwight, J.
The justice’s j udgment was rendered in December, 1884. The •summons had been returned as personally served, but the return was an error •of the constable. The summons was, in fact, never served on the defendant, •and he did not appear on the return-day. Some time after the judgment was rendered the constable discovered that lie had made a false return, and he paid •the plaintiff five dollars “to withdraw the suit. ” The plaintiff thereupon sent her husband to the justice to have the action or the judgment withdrawn or *598 ean celed, and the justice wrote across the entry of the judgment in his docket,. “Withdrawn, May 7th.” Soon after this the plaintiff’s husband, acting for her, procured the advice of an attorney that if the defendant were served with-written notice of the judgment, and did not appeal within 20 days, the judgment would be good. Two witnesses make affidavit that written notice of the judgment was served on the defendant in June, 1886. The defendant made affidavit that no such notice was ever served on him. This appeal was. taken June 1,1887. In the appeal book before us we find what purports to-be an order of the county court made in December, 1887, denying a motion by the respondent to dismiss that appeal. The order recites that the motion, was made on the ground that the appeal was not taken within 20 days after service of written notice of the entry of the judgment, and that the order was" -made on reading affidavits, and after hearing counsel on both sides. We are asked to disregard this order, for the reason that it has no proper place in the-book on this appeal, and the statement is made in the printed points submitted on the part of the respondent that no such motion was ever made. We-do not feel at liberty to disregard the order. If it was not made by the court, or if for any other reason it is improperly inserted in the record, there should have been a motion to correct the appeal book. Standing, as it does, in the-record, without objection on the part of the respondent, we must regard it as evidence that the motion was made, on the ground stated, and denied. In that case the order, not having been appealed from, must be conclusive on the-question as to whether the notice of appeal was served in time. On the other hand, if no motion to dismiss the appeal was made, and the respondent has treated the appeal as regularly taken, and argued it on its merits, he has-waived his right to object that the notice was not served in time. Pickersgill v. Read, 7 Hun, 636.
The only remaining question necessary to be considered arises upon the following facts. On the 8th day of January, 1887, one Gifford commenced an action, before a justice of the peace, against the defendant, Campbell, on the-same cause of action upon which the plaintiff’s judgment was recovered, alleging an assignment of that cause of action to him by the plaintiff. To this, action the defendant pleaded in bar the former action of the plaintiff Ostrander, and the judgment recovered therein, and the plaintiff Gifford thereupon withdrew his action. Thereafter the plaintiff caused a transcript of her judgment to be filed in the county clerk’s office, and an execution to be issued thereon, and thereupon the defendant brought his appeal. We are asked toliold that by his plea in the action of Gifford the defendant was estopped to appeal from the judgment in the former action. The proposition does not commend itself to our acceptance. It is urged upon the theory that the plea was an affirmance of the validity of the judgment pleaded, and the respondent cites in its support the language of Herman’s Law of Estoppel, (page 178,). as follows: “Pleading a former recovery in estoppel, or taking advantage of it as a valid judgment, will estop the party from reversing it on error, or averring that it was fraudulent or void. ” The proposition quoted is a. sound one,, but it is not the proposition of the respondent. To plead a judgment in estoppel and to plead it in bar are not the same thing. In the former case, the judgment is pleaded as an estoppel by record, conclusively establishing the truth, of what was thereby adjudicated; in the latter case, only the existence of the judgment is pleaded, which, so long as it stands, must bar another action on the same allegations, whether true or false. In this case the defendant must be regarded as reserving the right to appeal so long as his time for appealing has not expired, and in the mean time he cannot be subject to another action for the same cause of action as that embraced in the judgment already recovered. Through all the petty complications of this case the fact still appears, and it is not disputed, that the defendant has been subjected to a judgment without having been sqrved with process, and without having his day in court;. *599 and we find netting in the record here to countervail his right to be relieved from that judgment on appeal. The judgment of the county court and of the justice should be reversed. So ordered. All concur.