THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. N. R. BAGLEY, *as Administrator, etc.*

No. 11,927.   (69 Pac. 189.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Right to a Review—Ruling on Plea of Another Action Pending.* The plaintiff brought two suits upon a single cause of action, in the first of which he recovered a judgment against the defendant. In the second suit defendant set up, by way of answer, that a former suit upon the same cause of action had been prosecuted to judgment, which was a final adjudication, and that the causes of action were merged therein. The court sustained the defense, and held that the proceedings in the first case were a bar to the maintenance of the second. *Held*, that the pleading of the former proceedings, including the judgment, although a recognition of the existence of the judgment, did not take away from the defendant the right to a review of such proceedings and judgment.

2. LIMITATION OF ACTION—*Original Petition and Amendment—New Cause of Action.* Where the original petition states no cause of action whatever, it will not arrest the running of the statute of limitations, and an amendment made after the bar of

the statute is complete must be treated as filed at the time the amendment is made.  A cause of action, being stated then for the first time, cannot escape the bar of the statute of limitations. by being filed as an amendment.

Error from Miami district court; JOHN T. BURRIS, judge.   Opinion filed June 7, 1902.  *In banc.*   Reversed.

### STATEMENT.

THIS was an action against the Missouri, Kansas & Texas Railway Company for damages for the violation of contracts for the shipment of corn from Kansas City, Mo., to Laredo, Tex.   The first trial resulted in a verdict and judgment in favor of the plaintiff, N. R. Bagley, administrator of the estate of W. H. Harris & Co.   In a proceeding in error, it was held that the alleged contracts upon which liability was asserted lacked mutuality and were, therefore, not binding on the railway company.   For that reason the judgment was reversed.   ( *Railway Co. v. Bagley*, 60 Kan. 424, 56 Pac. 759.)   When the case was remanded the petition was amended by Bagley and valid contracts were set up.   After the issues were closed a trial was had, which resulted in a judgment against the railway company for $46,827.26.   Exceptions to the rulings of the trial court were taken, and the railway company asked and obtained time to make a case for the supreme court, and execution of the judgment was stayed during the preparation of the case.   Prior to that time Bagley had brought another action against the railway company to recover other elements of damages arising from the breach of the contracts, upon which judgment had been taken in the first case.   In the second case the railway company filed an answer which, among other things, alleged the bringing of the first action for the breach of

the several contracts above mentioned, the filing of a demurrer, and, afterward, of an answer by defendant, and later the filing of a reply by the plaintiff, and copies of these pleadings were attached and made a part of the answer. It was also alleged that a trial had been had which resulted in a verdict in favor of the plaintiff, and that special questions had been submitted to the jury to which answers had been returned. It was alleged that there had been a motion for a new trial, which had been overruled, and the verdict and findings of the jury and judgment of the court were attached to and made a part of the answer, and also an entry of the order of the court overruling the motion for a new trial, and giving time for the making of a case for the supreme court. In addition to these averments, the following were alleged:

"And this defendant further alleges and shows to the court that said action was commenced and prosecuted for the recovery of the damages occasioned to the plaintiff by reason of the breach of the several pretended contracts referred to in the original and amended petitions herein, as will more specifically appear by reference to 'Exhibit 1,' hereto attached, and that the recovery had, as fully appears from the verdict and findings of the jury, as disclosed by 'Exhibit 4' herein, is for the amount of plaintiff's damages by reason of the breach of each and all of said several pretended contracts referred to in the original and amended petitions herein; that the plaintiff named in 'Exhibit 1' is the same person named as plaintiff in the original and amended petitions filed in this action; that the defendant in both cases is the same; that the several pretended contracts referred to and described in 'Exhibit 1' are the same identical contracts referred to in the original and amended petitions herein; that the alleged breach of said several pretended contracts alleged in 'Exhibit 1' is the same identical breach of each of said contracts that is charged in the original and amended petitions in this case; that

the damages claimed in this case are a part and parcel of the damages alleged to have been occasioned by the breach of each of said pretended contracts as alleged in said 'Exhibit 1'; that it is not claimed in either 'Exhibit 1' or in the original and amended petitions herein that there was more than one breach of each of said several pretended contracts.

"And this defendant further alleges and shows to the court that the violation and breach of each one of said pretended contracts constitute a single and entire cause of action, and that any damages which the plaintiff sustained by reason of said breach of any one of said pretended contracts could be recovered in a single cause of action and, as fully appears by exhibits '1,' '2,' '3,' '4' and '5' hereto attached, plaintiff has had one recovery for the breach of each and all of said pretended contracts, and that whatever further damages he claims he sustains for the breach of any one and all of said pretended contracts are merged in the action which he has already prosecuted to final judgment and in the judgment which he has therein obtained against this defendant; that because thereof the plaintiff is estopped from further prosecuting this action, or any other action for the recovery of any damages because of the alleged breach of any one or all of the several pretended contracts referred to in the original and amended petitions herein; that the judgment heretofore rendered in case No. 4367 is *res judicata* and conclusive upon the parties herein as to the amount of plaintiff's damage by reason of the alleged breach of the several pretended contracts referred to in the original and amended petitions herein."

A demurrer to this defense was filed by Bagley, upon the ground that it did not constitute a defense to the amended petition, but the demurrer was overruled, and Bagley having no further plea to make to the defense, judgment was entered on the pleadings in that case in favor of the railway company. The judgment in the second case was given on July 11, 1900, and the case-made in the present proceeding was served

three days later, to wit, July 14, 1900. A motion is made to dismiss this proceeding, on the ground that the railway company has recognized the judgment as valid by pleading and enforcing it in the second action, for the advantage of itself and to the disadvantage of Bagley.

*James Hagerman, T. N. Sedgwick, J. M. Bryson,* and *Sperry Baker,* for plaintiff in error.

*Ellis, Cook & Ellis,* and *Frank M. Sheridan,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: Does the answer in the second suit, which sets up prior proceedings in the present action, preclude a review of the latter? It is contended that the plaintiff, having pleaded that judgment and obtained a benefit, was, therefore, not in a position to contest its validity. The action of the company, as will be seen, does not affirm that the judgment was regularly obtained and that the proceedings in the case were free from error. The existence of the judgment was recognized, it is true, but no money or property awarded was accepted by the company, nor would its right to plead that the plaintiff was prosecuting two actions upon the same cause be affected by the reversal of the judgment. From the averments of the answer, which is said to constitute an estoppel, it is manifest that the pleader was challenging the right of the plaintiff to split his causes of action, or prosecute two actions upon a single indivisible cause. To show the court that the plaintiff was prosecuting an action against the defendant involving the same matters, the pleader set up all the proceedings in the former cause, including the judgment. It was not

Railway Co. v. Bagley.

the judgment alone that was pleaded as a bar, but it was all the steps in the action, of which the judgment was one, and which it was necessary to mention in order to give a correct history of the litigation.

If the plaintiff's petition in the second cause had shown on its face that there was "another action pending between the same parties for the same cause," it would have been insufficient, as that fact is a specific ground of demurrer. (Civil Code, § 89; Gen. Stat. 1901, § 4523.) It cannot be that the setting up of such a defense in an answer in the second action admits plaintiff's right of recovery in the first. The defendant was claiming nothing on account of the judgment to which it would not have been absolutely entitled if no judgment had been rendered. An averment that the plaintiff had sued in a former action for the same cause is not inconsistent with a claim that plaintiff was not entitled to recover in such action. Nor is there anything inconsistent between an attempt to prevent the plaintiff from prosecuting a second action for the same cause and an appeal from the judgment rendered in the first action. Both rights are given by law, and the exercise of one is no reason for the forfeiture of the other. No relief was granted to the company in the second case, upon the theory that there had been a surrender of the right to review. On the contrary, the answer showed that the preliminary steps had been taken by the company to contest the right of any recovery, and to secure a reversal of the judgment. The relief which the company did obtain was such as it was entitled to, whether a proceeding for the reversal of the judgment was brought or not, and the plaintiff did not lose any legal right by reason of the defense that was made, because he had no right to prosecute two actions upon the same

13—65 KAN.

cause at the same time.  No rights were therefore
surrendered or sacrificed by pleading the existence of
a judgment, and an essential element of the estoppel
claimed was lacking.  The answer, as we have seen,
is an ordinary pleading of another action pending,
and the defendant, instead of conceding the validity
of the judgment, is not only fighting a recovery in
that case, but he is insisting that he shall not be
harassed by two actions on a single cause.  It is true
the answer spoke of the judgment in which the causes
of action were merged as being final, and also that
it concluded the plaintiff as to the amount of damages
to be recovered for breaches of the contract, as well
as that it was *res judicata*, but these averments, al-
though unnecessary, were not untrue, and they did
not operate to change the character of the judgment.
The causes of action were merged in the judgment,
and the prosecution of error does not affect the merger
until the judgment is reversed.  (*Cloud, Adm'r, v.
Wiley et al.*, 29 Ark. 80.)

So, also, was the judgment final from the time of
its rendition until its reversal on error.  The proceed-
ings to review did not suspend the effect of the
judgment, nor do more than stay its execution.  It
remained a final judgment, which was conclusive
upon the parties as an adjudication while the appeal
was pending and until it was actually reversed.  The
assertion that there was error in the record of the
judgment does not affect the status of the judgment
nor negative its finality as an adjudication in which
the causes of action were merged.  The act of the de-
fendant in setting up the judgment did not affect
its character or the absolute rights of the parties.
The dismissal of the second suit may be said to be a
benefit to the defendant, but the benefit did not arise

from pleading the judgment itself.   It is well settled that some benefits may be accepted without precluding an appeal.   In Elliott on Appellate Procedure, section 151, it is said :·

"If a party does what he has a right to do without affirming, in the act he performs, the validity of the judgment, he does not estop himself from prosecuting an appeal.   .   .   .   There are cases where a remote and incidental benefit is derived, and yet the right of appeal exists.   Thus, where a plaintiff prosecutes two actions for the same cause, the defendant, by moving to be released from one of them, does not preclude himself from prosecuting an appeal."   (See, also, *Cloud v. Wiley,* supra ; *The Pittsburg, Fort Wayne & Chicago R. W. Co. v. Swinney, Executrix,* 91 Ind. 400 ; *Tyler v. Shea,* 4 N. Dak. 377, 61 N. W. 468, 50 Am. St. Rep. 660 ; *Bank v. Wheeler,* 28 Conn. 433, 73 Am. Dec. 683 ; *Brewster v. Wooster,* 26 N. Y. Supp. 912 ; *Ostrander v. Campbell,* 51 Hun, 637, 3 N. Y. Supp. 597 ; *Cornell v. Donovan,* 14 Daly, 292 ; *Paine v. Ins. Co.,* 11 R. I. 411 ; *Faber v. Hovey,* 117 Mass. 107, 19 Am. Rep. 398.)

We conclude that the averments of the answer in the second case did not take away the right of the defendant to a review of the judgment in the first.

The next matter for consideration is the contention that the causes of action on which judgment is founded were barred by the three-year statute of limitations. The contracts pleaded were oral, and the breaches counted on occurred prior to November 1, 1892.   The petition on which the first trial was had was filed in good time, but that pleading was held bad in that it did not state a cause of action.   (*Railway Co. v. Bagley,* 60 Kan. 424, 56 Pac. 759.)   The amended petition, on which the second trial was had, was filed May 15, 1899, more than six years after the causes of action pleaded had accrued.   The statute of limitations

barred such causes in three years after they accrued, and if the original petition did not arrest the statute the causes were all barred.    As will be seen from *Railway Co. v. Bagley*, supra, the first petition wholly failed to state any cause of action against the defendant. The plaintiff undertook to plead a liability upon a contract, but that which was pleaded was not a contract, and it created no liability whatever.    According to the original petition, the railway company proposed to ship corn to Texas within a certain time and for a stipulated rate, but no promise, or obligation on the part of the plaintiff to ship corn over defendant's road was alleged.    While the pleading was in the form of a petition, it set up no more than an unaccepted offer made by the railway company—something which lacked an essential element of a valid obligation.    Contracts cannot arise from the action of one party alone, and where there is a lack of mutuality of obligation there is no contract.    (*Woolsey v. Ryan* 59 Kan. 601, 54 Pac. 664; *Railway Co. v. Bagley*, supra, and cases cited.)

The amended petition did set up contracts possessing the essential element of mutuality, but that petition was filed more than three years too late, unless the original petition arrested the running of the statute.    Will the filing of a petition which states no liability against the defendant arrest the statute?    Or, rather, did the filing of an amendment which stated a cause of action, relate back to the filing of the original petition wherein no cause of action was alleged? Our code makes liberal provisions for amending pleadings both in form and in substance, but no amendment is permissible which changes substantially the claim or defense, or which introduces a new claim or defense.    (Civil Code, § 139; Gen. Stat. 1901,

§ 4573.) So it was held in *A. T. & S. F. Rld. Co. v. Schroeder*, 56 Kan. 731, 44 Pac. 1093, that a new and distinct cause of action, barred by the statute, could not be engrafted on a petition by way of amendment so as to deprive the defendant of the defense of the statute of limitations. In *Kansas City v. Hart*, 60 Kan. 684, 57 Pac. 938, it was said:

"It is true, as a general rule, that amended pleadings relate back to the commencement of the action, but this rule never obtains where a separate and distinct cause of action is set up by way of amendment. Even though the amendment might otherwise be allowable, it is generally held that it will not be permitted when the effect will be to make the state of facts pleaded relate back so as to avoid the statute of limitations, if the new cause of action would otherwise be barred."

Those cases differ somewhat from the case in hand, as in them the new causes were added by amendment to other and distinct causes that had been previously pleaded, while here the amendment sets up a cause of action where none whatever had been previously alleged. The principle which ruled the cited cases, however, applies. A cause of action pleaded by way of amendment for the first time is new, and the departure is as great as the engrafting of a distinct cause of action which is barred upon an original one that is not barred.

The original petition, as we have seen, set up a one-sided agreement, which this court has said is a nullity. As no liability against the defendant was stated, no cause of action, formal or informal, was alleged, and, hence, there was nothing to arrest the statute of limitations. In respect to amendments, it has been said:

"At common law the general rule was that there

must be something in the record to amend by. But under the statutes of amendment the power of the court is not now considered to be thus limited. Nevertheless, there must be something to amend, and a declaration or complaint which wholly fails to state any cause of action whatever cannot be amended, at least in those states where an amendment introducing a new cause of action is not allowed." (1 Encyc. Pl. & Pr. 509.)

There is ample power to permit amendments which alter forms, supply omissions, and cure defects in pleadings where they state a cause of action, but if the facts alleged wholly fail to show a right of recovery, and the bar of the statute is pleaded, a new cause of action cannot then be attached. If there is only a defect in form, or a faulty statement of a cause of action, an amendment may be allowed restating a cause of action which has been defectively stated, and in such cases the amendment would relate back to the filing of the petition. In *Service v. Bank*, 62 Kan. 857, 62 Pac. 670, which was an action on a note, an amendment was permitted by which the assignee of the payor was substituted for the payee at a time when the note would have been barred if action thereon had not been brought until that time, but there a cause of action was alleged in the original petition and the amendment related back to the beginning of the action.

The supreme court of Illinois had this identical question before it for consideration, and while holding that if the action was originally brought within the statutory period and an amendment is afterward filed, which simply restates the right of recovery originally pleaded, the amendment is treated as filed at the time the action was brought, and the statute

of limitations will not operate as a bar. Yet it was also held :

"Where an original declaration fails to state any cause of action whatever and an amended declaration does, upon an issue of the statute of limitations the amended declaration will be deemed to have been filed and the action to have been instituted at the time of the making of such amendment, although such amendment is confined to a more complete statement of the same cause or right attempted to be stated in the original." (See, also, *I. C. R. R. Co. v. Campbell*, 170 Ill. 163, 49 N. E. 314 ; *Eylenfeldt v. Steel Co.*, 165 id. 185, 46 N. E. 266 ; *R. R. Co. v. Lacey*, 49 Ga. 106 ; *Phelps v. R. R. Co.*, 94 Ill. 548 ; *Lasater v. Fant*, Tex. Cir. App., 43 S. W. 321 ; *Sicard v. Davis*, 6 Pet. 124, 8 L. Ed. 342.)

It has been suggested that section 23 of the civil code (Gen. Stat. 1901, § 4451) saves the proceeding from the bar of the statute, because the action was originally brought within due time ; that plaintiff failed otherwise than on the merits, and that the new action was brought within one year after the reversal and failure. Only one proceeding was begun. No new process was ever served, nor was there any dismissal or discontinuance of that proceeding. It has been held that the provisions of the section referred to have no application to proceedings like this one. (*Hiatt v. Auld*, 11 Kan. 176 ; *A. T. & S. F. Rld. Co. v. Schroeder*, 56 id. 734, 44 Pac. 1033. See, also, *Dobson v. Noyes*, 39 id. 471, 18 Pac. 697.) Since the original petition did not state any right of action whatever, and was wholly insufficient as a basis for a judgment, it did not operate to arrest the statute of limitations, and, hence, the causes of action set up by way of amendment were barred at the time they were first pleaded.

The judgment of the district court will therefore be

reversed, and the cause remanded for such further proceedings as may be taken.

SMITH, CUNNINGHAM, GREENE, POLLOCK, JJ., concurring.

DOSTER, C. J. (dissenting) : I dissent from the judgment in this case and from so much of the opinion as applies the statute of limitations to the case of defendant in error, the plaintiff below, and am authorized to say for Justice ELLIS that he also dissents. The majority opinion is entirely too technical. The original petition was defective because incomplete in its formal allegations. It simply omitted the statement of the consideration for the promise sued on. The amendment merely supplied the allegation of that element of the contract. Now, in such cases we understand the rule to be that petitions are amendable even after the running of the statute of limitations ; that is, the incomplete allegations may be helped out by amendment. However, one may not introduce a new cause of action into a case by way of amendment of his petition after the period of limitation has run against it. He may not, under the guise of amendment, change his cause of action from one sued on during its life to one against which the bar of the statute has run ; nor may he by way of amendment tack a barred cause of action on to one against which the statute has not run. The decisions cited in the majority opinion are instances of changes from one cause of action to another and do not constitute precedents for the ruling made in this case. We would pursue the subject further and collate the authorities on this point, but for the fact that the decision made can be shown to be erroneous upon plain statutory grounds.

Railway Co. v. Bagley.

The civil code, section 23 (Gen. Stat. 1901, § 4451), reads as follows :

"If any action be commenced within due time and a judgment therein for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

The case of plaintiff below is fully within the above statute.   He commenced his action in due time ; the judgment he recovered was reversed ; the time for the commencement of a new action under the general limitation law had expired ; he commenced a new action within one year after the reversal — that is, he amended his old action into a new one, as the majority of the court hold, and for the purpose of the statute quoted they are right.   Now, in the name of all that is reasonable, why is not the plaintiff's case within the saving provision above quoted ?   That provision is without qualification or exception.   It does not say, "If any action be *rightly* commenced," or "If any action be commenced on a petition which states a ground for relief" ; but it says, "If any action be commenced," etc.   The very object of this law was to save from the bar of the statute those causes of action which for any reason could not be maintained as originally commenced.   It sought to attain that object by extending the general period of limitation one year longer.   The decision of the majority seems to us to be in utter disregard of the statute.   The effort to distinguish between the amendment of an old cause of action and the commencement of a new one is entirely too technical.   According to the logic of the majority, if the plaintiff below had dismissed his old case and com-

menced a new one he would be within the statute, so far as this particular point is concerned. That looks too much like a farcical splitting of hairs to require comment in opposition to it. Courts exist for the purpose of trying lawsuits, not to keep them from being tried; hence, the statute of amendments and all other statutes which have for their object the reaching of the ends of justice, despite the errors or laches of the parties, ought to receive, and do always receive, a liberal interpretation. To this case, however, a mercilessly strict and harsh rule has been applied. It is wrong. The cases of *Coffin v. Cottle*, 16 Pick. 383; and *Webb v. Hicks*, 125 N. C. 201, 34 S. E. 395, are pointedly in opposition to the majority opinion, and if the ruling made has any support in former decisions of this court they are radically at fault.