### In re LOUISELL LUMBER CO.

### ARMOUR & CO. v. MILLER et al.

#### (Circuit Court of Appeals, Fifth Circuit. December 26, 1913.)

#### No. 2,523.

1. BANKRUPTCY (§ 81*)—PETITION—REQUISITES.

A bankruptcy petition, which contained no statement that the alleged bankrupt had committed one of the statutory acts of bankruptcy, was fatally defective.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

2. BANKRUPTCY (§ 81*)—PETITION—ACTS OF BANKRUPTCY.

A bankruptcy petition, alleging that the bankrupt had transferred, while insolvent, a portion of its property to one or more of its creditors with intent to prefer them over others, was fatally defective for failure to aver that the transfer was made within four months before the filing of the petition, as provided by Bankr. Act July 1, 1898, c. 541, § 3b, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

3. BANKRUPTCY (§ 200*)—ADJUDICATION—DISSOLUTION OF LIENS.

Adjudication in bankruptcy dissolves liens obtained by proceedings at law or in equity only in case they are obtained under certain circumstances, and within four months of the filing of the bankruptcy petition, as provided by Bankr. Act July 1, 1898, c. 541, § 67c, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), which limitation protects and preserves liens so obtained more than four months prior to the filing of such petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 289, 296–300, 306–316; Dec. Dig. § 200.*]

4. BANKRUPTCY (§ 84*)—PETITION—AMENDMENT.

A bankruptcy petition is amendable as pleadings in other actions, if the amendment is properly allowed, and only goes to the greater elucidation of charges already made, and does not set up new matter, when the amended pleading will be regarded as a continuation of the original and will relate back so as to take effect as of the date the original was filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. § 84.*]

5. BANKRUPTCY (§ 84*)—PETITION—AMENDMENT—LIENS.

Where an original bankruptcy petition filed within four months after the obtaining of an attachment against certain of the bankrupt's property was fatally defective, in that it charged no specific act of bankruptcy to have been committed by accused, an amendment filed after the four months' period had elapsed could not be held effective by relation as of the date of the filing of the original, to vacate the attachment lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. § 84.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Superintend and Revise Order, and Appeal from, the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

In the matter of bankruptcy proceedings of the Louisell Lumber Company. From an order dissolving the lien of attachment levied on certain of the bankrupt's property, Armour & Co. bring the case here by petition to superintend and revise and appeal. Petition to revise granted, and decree reversed.

T. C. Hannah and John T. Haney, both of Hattiesburg, Miss., for petitioner and appellant.

E. J. Bowers and V. A. Griffith, both of Gulfport, Miss. (Hanun Gardner, of Gulfport, Miss., on the brief), for respondents and appellees.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

SHELBY, Circuit Judge. [1] Armour & Co. brought an attachment suit in a Mississippi state court against the Louisell Lumber Company, a corporation, for $2,835.51, and obtained by levy a lien on the company's property, including its general stock of merchandise. The levy on the merchandise occurred on June 24, 1911; other levies having been made before that date. Subsequently, these levies being deemed insufficient, the sheriff took into his possession by virtue of the attachment $1,500 in cash, the property of the Louisell Lumber Company. On October 3, 1911, which was less than four months of the date of the levy of the attachment, three creditors of the corporation filed in the court below a petition to have the corporation adjudicated a bankrupt. This petition contains allegations of the company's indebtedness to the petitioners and an elaborate allegation of the company's insolvency, and prayed that it be adjudicated a bankrupt. The petition was fatally defective in this: It contained no statement whatever that the corporation had committed any one of the five acts of bankruptcy. Bankruptcy Act, § 3. It did not contain any attempt or defective effort to state any one of such acts of bankruptcy. It was an absolute blank so far as such allegations are concerned. On February 21, 1912, about eight months after the levy of the attachment and the fixing of the lien in favor of Armour & Co., the petitioning creditors were allowed by the court below to amend the petition by inserting the following:

(A) "The said Louisell Lumber Company has transferred while insolvent a portion of its property to one or more of its creditors with intent to prefer such creditors over its other creditors."

(B) "The said Louisell Lumber Company is not only insolvent and has wholly suspended payment for more than two months prior to the filing of said petition, but has admitted in writing its inability to pay its debts, and by the action of its board of directors taken on the —— day of February, A. D. 1912, has confessed itself a bankrupt, signified its willingness to be adjudged a bankrupt, as will appear by copy of proceedings to be filed herein with reference to said matter."

[2] The amendment marked "A" is defective in not alleging that the transfer was made within four months before the petition was filed.

Bankruptcy Act, § 3b. The act of bankruptcy stated in amendment marked "B" is alleged to have been committed about four months after the petition was filed and about eight months after the levy of the attachment.

On February 3, 1912, the District Court appointed T. J. B. Kellier receiver of the Louisell Lumber Company. On February 21, 1912, the District Court ordered the sheriff to surrender to T. J. B. Kellier, receiver, all the assets held by him under the attachments issued by the state court. On the same day the Louisell Lumber Company was adjudicated a bankrupt. The assets so held by the sheriff were surrendered by him to the receiver.

Thereupon Armour & Co. filed their petition in the court below, alleging the foregoing facts, and others not material to be now stated, and asserted the prior lien of the attachment and levies. Their contention, in brief, is that, although the defective petition of the creditors seeking to have the Louisell Lumber Company adjudicated a bankrupt was filed within less than four months after the levy of the attachment, the amendments setting out acts of bankruptcy were not made till after the expiration of more than four months from the levy of the attachment and the fixing of the lien thereby, and that therefore the lien of the attachment was not dissolved by the proceedings in bankruptcy. The referee found, as matter of law, that the amendment filed and allowed February 21, 1912, related back to the filing of the original defective petition on October 3, 1911, and that therefore the levies of the attachment were within four months of the filing of a sufficient petition in bankruptcy, and that "said levies fell and were ousted" by the proceedings in bankruptcy. On petition for review, the District Court affirmed this finding, and Armour & Co. bring the case here both by appeal and by petition to revise.

From the foregoing statement, it appears that the question to be decided is: Did the amendment to the original petition in bankruptcy relate back to the date of the filing of the original petition so as to bring the proceeding within four months of the date of the levy of the attachment?

[3] Adjudication in bankruptcy dissolves liens obtained by proceedings at law or in equity, if obtained under certain circumstances and "within four months" of the filing of the petition in bankruptcy. Bankruptcy Act, § 67c. The limitation of four months protects and preserves liens so obtained four months before the filing of the petition. The petition which was filed within the four months of the date of the levies of the writs of attachment, as we have said, stated no one of the acts of bankruptcy prescribed by the statute. This is not a case, therefore, in which one act of bankruptcy is alleged and it is sought to amend by asserting another, or in which a defective statement of an act of bankruptcy is made and it is sought to amend the defect by a more accurate statement. On the contrary, no cause of action to have the debtor adjudicated a bankrupt is stated, or attempted to be stated, in the original petition. More than four months, in fact about eight months, after the levies, the amendment is made, and (treating the amendment as sufficient) it is then for the first time that there appears

on the record a cause of action authorizing the adjudication of the debtor to be a bankrupt.

[4] The amendment of a petition in bankruptcy is permissible as in the case of pleadings in other actions. And it is true that, when an amendment is properly allowed and is for the same cause of action asserted in the original pleading, giving greater precision to charges already made, and does not set up new matter or a new cause of action, the amended pleading will be regarded as a continuation of the original pleading, and will relate back so as to take effect as of the date when the latter is filed. Bank v. Sherman, 101 U. S. 403, 405, 25 L. Ed. 866; Missouri, K. & T. R. Co. v. Bagley, 65 Kan. 188, 69 Pac. 189, 3 L. R. A. (N. S.) 259, and cases cited in note on page 268. This rule is, of course, applied to amendments of petitions in bankruptcy.

[5] But the doctrine of relation back is not applicable where the amendment sets up a new cause of action, or where to cause it to relate back would have the effect of depriving an adverse party of a substantial right on which no attack was made in the original pleading. When an amendment introduces a new cause of action, the statute of limitations will run against it to the time when it is filed. Union Pacific Railway v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983; Sicard v. Davis, 6 Pet. 124, 140, 8 L. Ed. 342; Cox v. Mortgage Co., 88 Miss. 88, 40 South. 739; Missouri, K. & T. R. Co. v. Bagley, 65 Kan. 188, 69 Pac. 189, 3 L. R. A. (N. S.) 259, and note on pages 269 and 270, and cases there cited. This rule is as well settled as the one first stated, and is applicable to amendments to petitions in bankruptcy.

It would defeat the intention of the bankruptcy act if creditors could file a blank or skeleton petition against their debtor, alleging no act of bankruptcy, and, after a lapse of more than four months, amend it by filling up the blanks, alleging acts of bankruptcy, and have the amendment relate back in its effect for a period of over eight months to a time within four months before the filing of the blank petition, and dissolve valid liens then existing on the bankrupt's property. And it would clearly conflict with the act to permit such defective petition to be made effective by the debtor's acknowledgment of insolvency and willingness to be adjudicated a bankrupt, made by him over four months after such defective petition is filed, and cause such confession, when alleged by amendment, to relate back in its effect more than eight months so as to dissolve valid liens on the bankrupt's property then existing. If a petition alleging no act of bankruptcy may lie dormant for more than four months, and then by amendment be given retroactive vitality, canceling liens made secure by the four months' limitation, the same effect would be given the amendment of such a petition made twelve months after it was filed, thereby annulling liens that had attached sixteen months before the amendment. We cannot approve a procedure that leads to such results. It would be destructive of rights intended to be preserved by the four months' limitation.

The District Court, in the exercise of a sound discretion, might well have refused to allow these amendments (In re Pure Milk Company of Mobile [D. C.] 154 Fed. 682; Walker v. Woodside, 164 Fed. 680, 90 C. C. A. 644), and the creditors, if they chose, could have filed a new

petition; but, having allowed the amendments, we are of the opinion that they do not relate back to the time of the filing of the original petition so as to dissolve the lien of the attachment, and that the court erred in dismissing the petition of Armour & Co.

The petition for revision is granted, and the decree of the District Court is

Reversed.