ARBONA BROTHERS, PLAINTIFFS AND APPELLANTS, *v.* PABÓN & RAMÍREZ, DEFENDANTS (BOOTHBY, TRUSTEE, INTERVENOR AND APPELLEE).

APPEAL from the District Court of Ponce in an Action of Debt.

No. 1380.—Decided April 4, 1916.

BANKRUPTCY—INSOLVENCY—PREFERENCE.—According to section 67 of the Bankruptcy Act, any preference obtained by a creditor within the four months preceding the filing of the petition in bankruptcy, the debtor being insolvent, is null and void.

ID.—ID.—ASSIGNMENT FOR BENEFIT OF CREDITORS.—Under section 3 of the Bankruptcy Act, as amended in 1903, insolvency is a prerequisite for the first three acts of bankruptcy, but not for the fourth and fifth—that is, when the debtor has made a general assignment for the benefit of his creditors or admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt for that reason.

ID.—ID.—Under the Bankruptcy Act, with certain limitations, insolvency means excess of liabilities over assets.

ID.—ID.—ADJUDICATION—ACTS OF BANKRUPTCY—PRESUMPTION—PARTIES.—It has been held generally by the courts that when a person has been adjudged a bankrupt for any of the first three acts specified in section 3, the insolvency of the said bankrupt is conclusively presumed by reason of the adjudication, inasmuch as the creditors were given ample time to oppose his being declared a bankrupt between the date of the petition and the adjudication. Likewise, it has generally been held that all creditors are presumed to be parties to the petition in bankruptcy.

ID.—ID.—LIEN—ADJUDICATION.—A lien obtained in any suit or proceeding is dissolved by adjudication for any of the disjunctive propositions contained in section 67c, as amended by the acts of 1903 and 1910. It is enough if

a lien is obtained and permitted while the defendant was insolvent and that its existence and enforcement would work a preference.

ID.—ID.—ACTS OF BANKRUPTCY—PROOF OF INSOLVENCY.—If the adjudication involves an act on the part of the debtor when insolvency is also an element, the adjudication binds all the creditors as to the fact of such insolvency; otherwise the insolvency must be proved.

The facts are stated in the opinion.

*Mr. Ramón Dapena* for the appellants.

*Mr. Angel A. Vázquez* for the appellee.

The defendants did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

On April 26, 1915, the firm of Arbona Brothers filed a suit in the District Court of Ponce against Pabón & Ramírez for a debt, and apparently at the same time obtained an attachment to secure the effectiveness of the judgment. The latter firm was duly summoned, but failed to appear, and judgment by default was entered against them on May 26, 1915, for the sum of $772.92. Before that day, namely, on May 7, 1915, the complainant firm, alleging that some of the goods attached were perishable, obtained another order to sell the said goods at public auction. Pursuant to this latter order, toward the end of May of said year the marshal sold the goods at public auction for the sum of $1,000 and deposited the proceeds a few days later in the District Court of Ponce, where, we infer from the record, they still remain.

On May 26, 1915, the same day on which the judgment by default was rendered, the firm of Pabón & Ramírez was adjudged bankrupt by the District Court of the United States for Porto Rico, Mayagüez Division, the petition in bankruptcy having been filed on May 6, 1915. In the bankruptcy proceedings the creditors met before José Benet, referee in bankruptcy, and as the result of that meeting Thomas Boothby, Jr., was named trustee in bankruptcy. The said Thomas Boothby, Jr., on June 11, 1915, appeared before the District Court of Ponce, alleging among other things that the judgment of that court against the firm of Pabón & Ramírez would be executionable on the 26th day of June and prayed that the

proceedings be stayed, his action being based upon various sections of the Federal Bankruptcy Act which we shall presently discuss.

On June 15, 1915, the District Court of Ponce rendered an order suspending the proceedings. On July 2, 1915, the said trustee again appeared in the District Court of Ponce and asked that the sum of $1,000, the proceeds of the auction sale, and the other goods attached but not sold, be turned over to him. On July 19, 1915, the court passed an order granting the petition of the trustee and on July 20, 1915, an appeal was taken from that order. It may have some slight bearing on the case that no appeal was taken from the order staying the proceedings in the case.

Evidently the trustee was proceeding under the theory that any preference obtained by a creditor within four months before the filing of the petition in bankruptcy was rendered void or voidable by reason of section 67, *c* or *f,* of the Federal Bankruptcy Act. The appellant, however, maintains that under that act it is necessary to show that the debtor was insolvent at the time of the alleged preference and that the creditor had reasonable cause to believe the said debtor insolvent.

Section 3 of the Bankruptcy Act provides:

"§3. *Acts of bankruptcy.*—*a.* Acts of bankruptcy by a person shall consist of his having '(1) conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, any part of his property with intent to hinder, delay, or defraud his creditors, or any of them; or (2) transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors; or (3) suffered or permitted, while insolvent, any creditor to obtain a preference through legal proceedings, and not having at least five days before a sale or final disposition of any property affected by such preference vacated or discharged such preference; or (4) made a general assignment for the benefit of his creditors, *or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of*

*a State, of a Territory, or of the United States;* or (5) admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground. (Amendment of 1903 in italics.)

⁂        ⁂        ⁂        ⁂        ⁂        ⁂        ⁂

"*c.* It shall be a complete defense to any proceedings in bankruptcy instituted under the first subdivision of this section to allege and prove that the party proceeded against was not insolvent as defined in this act at the time of the filing the petition against him, and if solvency at such date is proved by the alleged bankrupt the proceedings shall be dismissed, and under said subdivision one the burden of proving solvency shall be on the alleged bankrupt."

Under this section as quoted, insolvency is a prerequisite for the first three acts of bankruptcy, but it is not a prerequisite for the fourth and fifth, namely, when the debtor has made a general assignment for the benefit of his creditors or admitted in writing his inability to pay his debts and his willingness to be adjudged a bankrupt on that ground. Insolvency under the Federal Bankruptcy Act, with certain limitations, means excess of liabilities over assets.

Now, it has generally been held by the courts that where a man has been adjudged a bankrupt on any one of the first three grounds the insolvency of said bankrupt is conclusively presumed by reason of the adjudication, inasmuch as the creditors are given ample time to combat his being declared a bankrupt between the date of the petition and the adjudication itself. *Cook* v. *Robinson,* 194 Fed. 785; *In re Dempster,* 172 Fed. 353; *Corbett* v. *Riddle,* 209 Fed. 811; Collier on Bankruptcy, p. 963, note 214*a; In re Federal Biscuit Co.,* 214 Fed. 221. Likewise, it has generally been held that all creditors are considered parties to the petition in bankruptcy. However, we have not been able to find that insolvency is presumed where a debtor has been declared a bankrupt by means of the fourth and fifth acts of bankruptcy. Indeed, the authorities seem to indicate the contrary. Loveland on Bankruptcy, §437; Collier on Bankruptcy, p. 963*a; McNeel* v. *Folk,* 83 S. E. 192; *In re Alabama Coal & Coke*

*Co.*, 210 Fed. 940; *Sheppard-Strassheim Co.* v. *Black*, 211 Fed. 643; *In re Louisell Lumber Co.*, 209 Fed. 784.

The appellant maintains, as we have seen, that to void a preference it is necessary not only to prove insolvency, but also to show that the creditor had reason to believe such insolvency. Section 67*c*, as amended by the Acts of 1903 and 1910, reads as follows:

"*c*. A lien created by or obtained in or pursuant to any suit or proceeding at law or in equity, including an attachment upon mesne process or a judgment by confession, which was begun against a person within four months before the filing of a petition in bankruptcy by or against such person shall be dissolved by the adjudication of such person to be a bankrupt if (1) it appears that said lien was obtained and permitted while the defendant was insolvent and that its existence and enforcement will work a preference, or (2) the party or parties to be benefited thereby had reasonable cause to believe the defendant was insolvent and in contemplation of bankruptcy, or (3) that such lien was sought and permitted in fraud of the provisions of this Act; or if the dissolution of such lien would militate against the best interests of the estate of such person the same shall not be dissolved, but the trustee of the estate of such person, for the benefit of the estate, shall be subrogated to the rights of the holder of such lien and empowered to perfect and enforce the same in his name as trustee with like force and effect as such holder might have done had not bankruptcy proceedings intervened."

In citing this article appellant was under the impression that there was no word "or" before clause (2) of said section, but it is evident that this section is entirely in disjunctive form and that any lien obtained in any suit or proceeding is dissolved by the adjudication for any one of the disjunctive propositions contained in said article. It is enough if a lien is obtained and permitted while the defendant was insolvent and that its existence and enforcement would work a preference. See foregoing authorities.

Counsel for appellant also maintains, if we understand him, that it must be shown that the debtor was insolvent at the time of the alleged transfer, but section 67*f* provides as follows:

"*f.* That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: *Provided,* That nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a *bona fide* purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

And under this section it has been clearly held that any preference obtained within four months of the filing of the petition shall be deemed null and void. There is a very able discussion of this point in the case of *Cook* v. *Robinson*, 194 Fed. 785, where the authorities are reviewed.

The only difficulty we find in this case with regard to the affirmance of the judgment is that we are not satisfied that the insolvency of the debtor was proved. The referee's certificate in this case merely said that one of the grounds of the petition in bankruptcy was the averment that Arbona Brothers had obtained a preference by legal proceedings; but the certificate does not state that the debtor firm, Pabón & Ramírez, was adjudged a bankrupt on that ground. Now, while there is a strong probability that Pabón & Ramírez was adjudged a bankrupt on the ground stated and even a stronger probability that such bankrupt was insolvent at the time of the obtaining of the lien by attachment, nevertheless we are of the opinion from the statement of the certificate that it does not follow that the debtor may not

have been adjudged a bankrupt on one of the acts of bank-ruptcy that does not presuppose insolvency.

As we have indicated, if the adjudication involved an act on the part of the debtor where insolvency was also an element, then the adjudication bound all creditors as to the fact of such insolvency; otherwise the insolvency must be shown. The trustee might have done it in this case, perhaps, by bringing a copy of the adjudication itself or else by show-ing the petition and the adjudication or in some other way showing the insolvency of the debtor. Without such insolv-ency preferences obtained within four months of the filing of the petition are protected, as we understand the authori-ties previously cited. If in point of fact the debtor was insolvent, the trustee in this case was entitled to the order finally passed by the District Court of Ponce. We have referred to the fact that there is no appeal from the first order suspending all proceedings in the case, but we do not think that the insolvency may be presumed from the acqui-escence in this order.

The order appealed from must be reversed without preju-dice to the rights of the trustee to show in any manner that he may be advised that the firm of Pabón & Ramírez was insolvent at the time of the obtaining of the lien by attach-ment.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.