## In re LEWIS et al.

## GLASSON et al. v. LEWIS et al.

District Court, S. D. California, S. D. September 20, 1928.

No. 10739-J.

James J. Breckenridge, of San Diego, Cal., for petitioning creditors.

Heskett, Weinberger & Miller, of San Diego, Cal., for respondents.

JAMES, District Judge. A motion has been presented to dismiss an amended involuntary petition in bankruptcy filed by certain creditors. The original petition was filed on January 12, 1928. The amended petition was filed on August 13, 1928.

In the original petition bankruptcy was charged upon all of the grounds enumerated in section 3 of the Bankruptcy Act (11

USCA § 21), except the last two. Omitting from consideration the last stated ground, none of the specifications set forth any acts by description of time, place, or things dealt with. The creditors merely copied the language of the statute. The last charge was one by which the creditors attempted to allege a general assignment made. It was set forth in this form: "Made a general assignment for the benefit of their creditors, in that the said Sidney M. Lewis acting as agent and on behalf of the other members of the said partnership and of the said partnership, turned over certain assets of said partnership to a trustee, for the benefit of said creditors of said partnership." An allegation alleging that the alleged acts of bankruptcy were done within four months preceding the filing of the petition was contained in the same paragraph.

The respondents moved to dismiss the original petition, and this court, by Judge Henning, denied their motion and made an order allowing an amendment to be made to supply further particulars. The amended petition was filed in accordance with the leave so granted. The chief point made on this motion is that the amended petition makes new charges, and that as it was filed more than four months after the commission of the acts described, no right to have an adjudication made against the respondents appears. This argument is based upon the claim that the amended petition cannot be held, in point of time, to relate back to the date of the filing of the original petition.

██ It has been declared in a number of cases that, where the original petition in bankruptcy fails to allege any act within the Bankruptcy Law as evidencing insolvency, an amended petition filed more than four months subsequent to the date of the filing of the original petition cannot be made to relate back, so as to save the case from a plea that the cause asserted is barred. The Circuit Court of Appeals in the Second Circuit has consistently adhered to that rule, as will appear by an examination of the case of In re Fuller et al., 15 F.(2d) 294. Such ruling, in its general application, answers to the established practice of most jurisdictions of this country, which forbids the bringing in by amendment to a complaint of an entirely new and distinct cause of action from that declared upon in the original complaint. Where such an amendment is allowed, the general rule is that the statute of limitations runs to the date of the filing of the amendment. Under the National Bankruptcy Law the acts showing insolvency must have been committed within four months prior to the date of the filing of an involuntary petition. Hence, where there are included in an amendment to a petition new and distinct acts not covered by or referred to in the original petition, a motion to dismiss such new causes as being out of time is proper. In the case of Re Louisell Lumber Co. (C. C. A. 5) 209 F. 784, the court made a very clear statement of what appears to be a proper rule in the matter of amending bankruptcy petitions, where it said:

"The amendment of a petition in bankruptcy is permissible as in the case of pleadings in other actions. And it is true that, when an amendment is properly allowed and is for the same cause of action asserted in the original pleading, giving greater precision to charges already made, and does not set up new matter or a new cause of action, the amended pleading will be regarded as a continuation of the original pleading, and will relate back so as to take effect as of the date when the latter is filed. Bank v. Sherman, 101 U. S. 403, 405, 25 L. Ed. 866; Missouri, K. & T. R. Co. v. Bagley, 65 Kan. 188, 69 P. 189, 3 L. R. A. (N. S.) 259, and cases cited in note on page 268. This rule is, of course, applied to amendments of petitions in bankruptcy.

"But the doctrine of relation back is not applicable where the amendment sets up a new cause of action, or where to cause it to relate back would have the effect of depriving an adverse party of a substantial right on which no attack was made in the original pleading. When an amendment introduces a new cause of action, the statute of limitations will run against it to the time when it is filed. Union Pacific Railway v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983. * * * It would defeat the intention of the Bankruptcy Act if creditors could file a blank or skeleton petition against their debtor, alleging no act of bankruptcy, and, after a lapse of more than four months, amend it by filling up the blanks, alleging acts of bankruptcy, and have the amendment relate back in its effect for a period of over eight months to a time within four months before the filing of the blank petition, and dissolve valid liens then existing on the bankrupt's property."

In the Eighth Circuit—Hovland v. Farmers' Bank, 10 F.(2d) 478—it has been held that an original petition charging acts of bankruptcy in the language of the statute cannot be aided by an amendment filed more than four months subsequent to the time of the commission of the alleged acts. The

court there cited numerous authorities applicable. As to what would be a proper case, where an amendment might be allowed and be held to relate back, the court said:

"On the other hand, *if the original pleading is sufficiently specific to identify the cause of action, however defective and imperfect it may be, and it appears that the amended pleading introduces no new cause of action, but merely enlarges, amplifies, or makes more definite and certain the allegations of the original pleading with reference to the same cause of action,* then the amended pleading ought to relate back to the date of the filing of the original pleading."

██ In our own circuit, the Circuit Court of Appeals has cited with approval the ruling of the Second Circuit on the subject that an original petition cannot be amended by setting out acts not referred to in the original petition.

Under the authorities cited, it is quite plain that the original petition, where it charged acts only in the general language of the statute, was fatally defective, and that those allegations must be considered as making no semblance of an intelligent description of essential matters. It seems equally plain that the original petition did, in its last charge, show that the petitioners intended to allege a general assignment made by Sidney M. Lewis on behalf of the partnership. It was deficient, in that it lacked a statement as to what the assets assigned consisted of, and lacked the statement that such assignment was made for the benefit of all the creditors. I think, as to that ground, the original petition comes within the decision of the Eighth Circuit, hereinbefore cited, as being sufficiently specific to identify the cause of action, and hence capable of being amended without infringing the rule that a new cause of action may not be asserted by amendment.

The moving creditors contend that the instrument shown to have been executed by the debtor, and relied upon as affecting an assignment of property, does not amount to that. Considering the allegations made, the petitioning creditors show that, regardless of the form of the instrument, the intent was that it should operate as a general assignment. There are alleged matters of concealment with the purpose of working a fraud, and the fact is pleaded that the intent was to cover up and conceal the real nature of the transaction. As to whether a general assignment was accomplished by the instrument referred to must depend upon what the intent of the parties was at the time, under the circumstances alleged. If the creditors can show, as they have pleaded, that such was the intent of the debtor, it matters not in what form that intent was expressed on paper.

From the conclusions expressed, it follows that the motion to dismiss must be granted as to all the grounds asserted in the amended petition against the debtors, except the last thereof, to wit, that included in paragraph (c), beginning with line 14 on page 5 of the amended petition. It will serve no useful purpose to allow the motion to strike as to the matters included within the paragraphs which are subject to the motion to dismiss, and I believe that all of the allegations of paragraph (c) should be allowed to stand.

The motion to dismiss the petition is accordingly granted as to all grounds of the amended petition, except the last thereof; the motion to strike is denied. An exception is allowed to all parties affected hereby.