**In re McCHESNEY.**

No. 3356.

District Court, W. D. Kentucky.

Aug. 16, 1935.

Frederick Olszewski, of Princeton, Ky., for petitioner.

HAMILTON, District Judge.

This matter is pending before me on a petition to review an order of the referee in bankruptcy dismissing the petition of Walter McChesney, a transferee of the bankrupt, to have reconveyed to him certain real estate that he had theretofore conveyed to the bankrupt's trustee, pursuant to the orders of the referee in this case.

The facts out of which the controversy arises are substantially as follows:

On October 1, 1934, Hervey B. McChesney, a farm debtor, filed a petition under the provisions of section 75 of the Bankruptcy Act, as amended,·USCA, title 11, § 203, Acts of July 1, 1898, c. 541, § 75, as added March 3, 1933, c. 204, § 1, 47 Stat. 1470; June 7, 1934, c. 124, §§ 8, 9, 48 Stat. 925; June 28, 1934, c. 869, 48 Stat. 1289.

On filing of the petition, the matter was referred to the conciliation commissioner without obtaining favorable results. On November 20, 1934, the bankrupt filed an amended petition asking to be adjudged a bankrupt, under the law before the adoption of the so-called Frazier-Lemke Act (11 USCA § 203 (s), and he was adjudged a bankrupt on December 22, 1934. The case was referred to the referee for administration.

Within four months before October 1, 1934, but more than four months before November 20, 1934, the bankrupt had conveyed to his son, the petitioner herein, Walter H. McChesney, a certain piece of real estate for the consideration of $15 in cash and the assumption of·the payment of a mortgage existing on the property. Before the filing of the amended petition herein, but within four months of the above transfer, this court determined that the bankrupt had conveyed the above-described property to his son in fraud of his creditors, and directed the trustee herein to recover the property from the son. Without taking any exception to the order of this court so directing, the son conveyed the property to the trustee.

Subsequently the trustee filed a petition in this action for the sale of said property, which was ordered, and the sale had at an adequate price, which was in excess of the mortgage on the property and $15.

The sale was confirmed by this court, and the trustee was directed to convey the property to the purchaser and to procure the signature of the bankrupt's wife to the deed on her waiving her dower interest, and the payment to her out of the proceeds of the sale her dower. The deed has not been executed.

The petitioner appeared before the referee and made a motion that the trustee reconvey the property to him, because the original petition filed in this action showed no cause of action and this court was without authority to proceed under it, and that, as more than four months had elapsed before the amended petition was filed by the bankrupt, the bar of the statute of limitations had fallen and all prior proceedings were void and of no effect.

The referee decided that the original proceeding supported the action to recover the property from the transferee and·that the amended petition related back to the date of the original filing, and dismissed the petition of the transferee to recover the property. To this order the petitioner, Walter H. McChesney, objected and excepted, and prayed an appeal by way of review, which was granted.

On June 15, 1935, this court entered an order dismissing the original proceedings in this action, but giving the debtor fifteen days within which to file an amended petition, and, as a result of this order, the bankrupt amended his petition. This order was entered after the trustee had received the deed for the property and after the sale of the property by the trustee, which was had on May 20, 1935.

The original petition filed in this action is very brief, and reads as follows:

"Your petitioner, Mr. Hervey B. McChesney, whose post office address is Princeton, Route No. 1, Caldwell County, Kentucky, would show unto your Honor that he is a resident of the County of Caldwell, and the State of Kentucky, and has been such resident for the greater portion

of a six months period next preceding the filing of this petition.

"Petitioner would show that he is bona fide, personally engaged, primarily, in farming operations;

"That such farming operations occur or are conducted in the County of Caldwell within said judicial district; that he is unable to meet his debts as they mature; and that he desires to affect a composition or extension of time to pay his debts under Section 75 of the Bankruptcy Act, as amended.

"That petitioner is unable to file his schedule herewith, but that said schedules will be prepared and filed herein, subsequently and within the time provided by said Act.

"Wherefore, your petitioner prays that his petition may be approved by the Court and proceedings had in accordance with the provisions of said section."

Subdivision (c) of section 75 of the Bankruptcy Act, as added March 3, 1933, and amended June 7 and June 28, 1934, 48 Stat. 925, 1289, 11 USCA § 203 (c), provided that any farmer alleging insolvency or unable to meet his debts as they matured might file a petition that it was desirable to effect a composition or extension of time to pay his debts, and the petition should be accompanied by his schedules.

The bankrupt herein filed his original petition under this act. The Supreme Court in the case of Louisville Joint Stock Land Bank v. William W. Radford, Sr., reported in 55 S. Ct. 854, 79 L. Ed. —, 97 A. L. R. 1106, declared the Frazier-Lemke Act (11 USCA § 203 (s) to be unconstitutional.

■ Notwithstanding the act under which the petition was filed was void, the petition was sufficient under the previous act, 35 Stat. 838, USCA title 11, c. 1, § 1. A petition is defined by the act to "mean a paper filed in a Court of Bankruptcy or with a Clerk or Deputy Clerk by a debtor praying for the benefits of this title."

■ In a voluntary petition it is only necessary to aver that the petitioner owes debts which he is unable to meet and that he desires to take the benefits of the Bankruptcy Act. In re Lachenmaier (C. C. A.) 203 F. 32.

■ A voluntary petition is an admission by the bankrupt, and particularities are not as necessary as in an involuntary petition.

■ The original petition filed in this action was sufficient to confer jurisdiction on the court, and the amended petition subsequently filed related back to the date of the filing of the original petition, and any proceedings supported by the amended petition, although occurring prior to its filing, are valid. In re Haskell (C. C. A.) 73 F. (2d) 879; Hovland v. Farmers' State Bank (C. C. A.) 10 F.(2d) 478; In re Yellow Motor Car Co. of St. Louis (C. C. A.) 34 F.(2d) 118; In re Cleveland Discount Co. (D. C.) 5 F.(2d) 846; Canute S. S. Co. v. Pittsburgh & West Virginia Coal Co., 263 U. S. 244, 250, 44 S. Ct. 67, 68 L. Ed. 287; In re Lewis, 28 F.(2d) 293; In re Louisell Lumber Co. (C. C. A.) 209 F. 784.

It follows that the order of the referee should be confirmed and the petition to review dismissed. It is so ordered.