ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY
v. JOHN ANDERSON.
No. 12,290. (69 Pac. 158.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Obstruction of Street—Ownership of Track— Necessary Party.* In an action against a railroad company for damages in laying a track in a public street and obstructing the ingress and egress of a lotowner to and from his property, it appeared that the company sued was not the owner of the track when it was built nor at the time the action was commenced, but was a lessee only. *Held*, that the lessor company which laid the track and caused the obstruction was a necessary party.

2. ——— *Findings Examined.* The findings examined and held to be contrary to the evidence.

Error from Sumner district court: W. T. McBRIDE, judge. Opinion filed June 7, 1902. *In banc.* Reversed.

*A. A. Hurd*, and *O. J. Wood*, for plaintiff in error.
*James Lawrence*, and *J. S. Dey*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: In a second amended petition filed by plaintiff below, defendant in error here, in January, 1891, it was alleged that the Atchison, Topeka & Santa Fe Railroad Company, on July 20, 1889, took possession of F street, in the city of Wellington, and laid its tracks in front of two lots owned and occupied by plaintiff as a residence; that F street was regularly laid out and is one of the public thoroughfares of the city; that the ingress and egress of plaintiff to and from his lots was obstructed and cut off; and that the track has been used by the railroad company for the passage of its cars since it was built, to his great annoyance, injury, and damage.

To sustain his claim for damages, plaintiff below offered in evidence an ordinance of the city of Wellington which went into effect on July 21, 1888, entitled, "An ordinance granting to the Southern Kansas Railway Company, its successors, assigns, and lessees, the right to build, maintain and operate a spur to its lines of railroad through, over and across certain streets in the city of Wellington." The ordinance authorized the building of a track on F street.

Plaintiff below also introduced in evidence a lease between the Southern Kansas Railway Company and the plaintiff in error, dated April 3, 1888, by the terms of which the entire property of the Southern Kansas Railway Company was let and leased to the Santa Fe Company, including lines projected and to be thereafter built. The term of the lease extended during the corporate existence of the lessor railway.

The lessee company agreed to pay, as rent, interest on bonds of the Southern Kansas Railway Company and all taxes on the property. There is a condition that, if the Santa Fe company shall fail for a period of three months to perform the covenants of the lease respecting the payment of rent, the lease may be terminated at the option of the lessor.

The plaintiff also read in evidence the deposition of C. H. Curtis, assistant to the vice-president of the Southern Kansas Railway Company, from which it was shown that the latter company paid for the construction of the track in F street, although the labor performed was done by employees of the plaintiff in error, and that the track belonged to the Southern Kansas company.

The question arises on these facts whether the Southern Kansas Railway Company was a necessary party to the action. That it laid down the track was established. Having done so, the plaintiff in error would not be liable for any damages resulting from its construction. The operation of the road by the Santa Fe company in the usual manner did not give a right of action against it by the lotowner. (*K. N. & D. Rly. Co. v. Cuykendall*, 42 Kan. 234, 21 Pac. 1051, 16 Am. St. Rep. 479; *Central Branch U. P. R. Co. v. Twine*, 23 id. 585, 33 Am. Rep. 203.)

It would seem from the pleadings and proof that the lotowner considered the stopping of his ingress and egress by the railway-track as a permanent appropriation of the street as a *quasi*-condemnation. Treating the injury as a permanent taking, it follows that the company committing the nuisance in the first instance is not only a proper but a necessary party to the action. On the subject of permanent appropriation of a street and the measure of damages recovera-

ble by an abutting lotowner, see *Central Branch U. P R. Co. v. Twine*, supra, pp. 594, 595.

The case at bar is distinguishable from *Ft. S. W. & W. Rly. Co. v. Fox*, 42 Kan. 490, 22 Pac. 583, in that here the relation of landlord and tenant existed between the railway company laying the track and appropriating the street with its rails and the railroad company using the same.   The ownership of the track and ties remained in the lessor company.   In the Fox case the company which appropriated the street was succeeded by another which bid in the property of the first at a foreclosure sale.   It was said in the opinion : "He (the lotowner) promptly pressed his claim for damages against the old company, and when the transfer of the property and franchises was made, he as promptly adapted his pleadings to the change of ownership, and proceeded against the new company."   In this case there was never any change of ownership, but, on the contrary, the company which laid down the track in 1889 owned it at the time this action was commenced in the court below and when the defendant in error obtained judgment against the Santa Fe company.

The jury, in answer to particular questions of fact, found that the plaintiff in error owned the spur track on F street at the time of its construction and when the action was commenced.   They made this answer :

"The A. T. & S. F. R. R. Co. having paid for all labor and material used in the construction of this spur track, we find that they (the A. T. & S. F. R. R. Co.) owned said track at the time of its construction and until after the commencement of this action."

The jury also answered two other questions as follows :

"Ques. 2.   Did the Southern Kansas Railway Company own the switch or spur track running south on

F street to Hunter's mill after the construction thereof, and at the time of the commencement of this action?

"Ans. Yes, after its construction, but not at the time of the commencement of this action.

"Q. 3. Did the Southern Kansas Railway Company pay for the construction and building of the switch or spur track running south on F street to Hunter's mill, in the city of Wellington, Kan.?

"A. No; they bought it after its construction."

There was no evidence whatever to sustain these answers. On the evidence offered by the plaintiff himself, in the court below, there was nothing to predicate a finding that the Santa Fe company owned the spur track at the time it was built and up to the time this action was commenced, and that the Southern Kansas Railway Company owned it afterward.

The judgment of the court below will be reversed, and a new trial ordered.

All the Justices concurring.