JOHN ANDERSON v. THE ATCHISON, TOPEKA & SANTA
FE RAILROAD COMPANY *et al.*

No. 14,133.   (80 Pac. 946.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Street—Limitation of Action.*  In an ac-
tion against a railroad company for permanently appropri-
ating a street in front of plaintiff's lots by laying its track
therein, stopping his ingress and egress, damages were
claimed as for a *quasi*-condemnation of the property by the
wrongful use of the street.  After the action had been pend-
ing for more than ten years plaintiff, by amendment, sought
to bring in another railway company as defendant, charging
it with conspiring with the first to appropriate the street.
*Held*, that any recovery against the new defendant was
barred by the statute of limitations.

Error from Sumner district court; CARROLL L.
SWARTS, judge.  Opinion filed May 6, 1905.  Affirmed.

*J. S. Dey,* and *James Lawrence,* for plaintiff in
error.

*A. A. Hurd, O. J. Wood,* and *G. W. Hurd,* for de-
fendants in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.:  In February, 1890, plain-
tiff in error brought an action against the Atchison,
Topeka & Santa Fe Railroad Company to recover dam-
ages to his real estate in the city of Wellington by rea-
son of alleged wrongful acts of the railroad company
in blocking a street in front of his property with its
track, and thereby interfering with his ingress and
egress to and from his residence.  It was alleged that
the railroad company took possession of the street in
July, 1889.

To the second amended petition filed by Anderson
the railroad company answered, in September, 1891,
denying generally its allegations, and setting forth

that the Southern Kansas Railway Company was granted, by ordinance of the mayor and council of the city of Wellington, the right to enter upon the street in front of plaintiff's property and construct its track; that it did so under said franchise; and that defendant was only a lessee of the Southern Kansas Railway Company. The case was tried on the issues so made, and judgment rendered for plaintiff. The judgment was reversed by this court in June, 1902. (*Railroad Co. v. Anderson*, 65 Kan. 202, 69 Pac. 158.) It was decided that the Southern Kansas Railway Company, the lessor of the Atchison, Topeka & Santa Fe Railroad Company, was a necessary party to the action; that, the property-owner having sued for damages resulting from a permanent appropriation of the street, the railway company that originally took possession of the street and laid the track should respond to plaintiff's demand. The decision, in effect, held that the Atchison, Topeka & Santa Fe Railroad Company was not liable.

After the case was remanded—in February, 1903—Anderson filed an amended petition making the Southern Kansas Railway Company a party defendant. A demurrer was interposed by it, which was sustained. That ruling is now here for review. The question involved is that of the statute of limitations. It will be noticed that in September, 1891, by the answer of the Atchison, Topeka & Santa Fe Railroad Company, plaintiff was apprised of the fact that the Southern Kansas Railway Company had been granted the right by the city of Wellington to lay its tracks in the street in front of his property, and had done so. Plaintiff, however, saw fit to continue to prosecute his action against the Atchison, Topeka & Santa Fe Railroad Company alone, with the result above stated.

The petition discloses that the plaintiff treated the original appropriation of the street as a *quasi*-condemnation, and seeks to recover the depreciation in value

of the property by reason of its permanent use and occupation by the railway company. The case is similar to that of *C. B. U. P. Rld. Co. v. Twine,* 23 Kan. 585, 33 Am. Rep. 203. Not having brought the railway company that appropriated the street into court as a defendant until after a lapse of more than ten years, the action was barred by the statute of limitations. (*Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *McGlinchy v. Bowles,* 68 id. 190, 75 Pac. 123; *Leatherman v. Times Company, &c.,* 88 Ky. 291, 11 S. W. 12, 3 L. R. A. 324, 21 Am. St. Rep. 342.)

The judgment of the court below is affirmed.

All the Justices concurring.