No. 20,368.

PETER L. GARRITY, *Appellant,* v. THE STATE BOARD OF AD-
MINISTRATION OF EDUCATIONAL INSTITUTIONS et al., *Appellees.*

SYLLABUS BY THE COURT.

1. ACTION — *Damages — Valuable Fossil Wrongfully Taken — Petition Construed—Tort Waived.* In an action to recover damages for the alleged wrongful taking of a valuable fossil from plaintiff's land and converting the same to the use of another, the petition is construed as showing an intention to waive the tort and rely upon an implied promise to pay the value of the property converted.

2. SAME—*Statute of Limitations.* The filing of a petition against A reciting facts which would authorize an action to be maintained against B will not toll the statute as to B, if he is not made a defendant until after the statute has run.

3. SAME—*Board of Administration—Not Liable for Acts of Board of Regents of State University.* The board of regents of the state university ceased to exist upon the adoption of chapter 287 of the Laws of 1913, by which the legislature established the state board of administration, an agency of the state to manage and control certain of the educational institutions. The act gave the board of administration no corporate powers, and in the absence of express authority no action can be maintained against either the board or its members to recover for a wrongful act alleged to have been committed by the board of regents in 1911.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed February 10, 1917. Affirmed.

*A. C. Wilson, F. B. Dodd, J. B. Wilson, B. V. Pardee,* all of Lawrence, *Arthur Stanley, Guy Stanley,* both of Kansas City, and *A. R. Buzick,* of Salina, for the appellant.

*S. M. Brewster,* attorney-general, *S. N. Hawkes,* and *John L. Hunt,* assistants attorney-general, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action was one, in the language of the learned judge of the district court, "to recover the value of an eighteen-million-year-old lizard." The petition made the state board of administration of educational institutions the sole de-

fendant, and was filed June 9, 1914. On November 2, 1914, plaintiff added as defendants E. W. Hoch, Ed T. Hackney, and Mrs. Cora Lewis, members of the state board of administration, and Frank Strong and Rodney A. Elward, trustees of the board of regents of the state university. A demurrer to the petition was sustained; plaintiff elected to stand upon the petition and appeals.

The petition charges that in July, 1911, the board of regents of the state university, by its assistant curator of mammals, wrongfully and without plaintiff's knowledge or consent, entered upon his farm in Wallace county and removed therefrom a large and valuable fossil, the property of plaintiff, and wrongfully converted it to the use and benefit of the board of regents and its successors, depositing the fossil in the museum of the university for exhibition and scientific purposes; that the fossil was of the value of $2500 and plaintiff had received no compensation therefor. It is alleged that the board of administration is a board created by law for the government, management and control of the university of Kansas, having possession, custody and control of the property of the university, and authority for the disbursement of all funds appropriated for the same, and is the successor of the board of regents, subrogated to the rights, duties and responsibilities of the board of regents, and subject to its obligations and liable for its debts and contracts. The board of regents was a corporation having the same powers and responsibilities as the board of administration. Prior to July 1, 1913, when it was dissolved, the board of regents had as directors Frank Strong and Rodney A. Elward, who were *ex officio* its trustees.

1. It is the defendants' contention that both the original and the amended petition were subject to demurrer because, if they stated a cause of action at all, it was barred by the statute of limitations; that the action is one sounding in tort and therefore barred by the two-year statute (Civ. Code, § 17, subdiv. 3). On the other hand the plaintiff claims the right to waive the tort and recover upon an implied promise to pay what the fossil is worth. We think, if either petition stated a cause of action against defendants, it must be held that sufficient facts were stated to authorize plaintiff to waive the tort and rely upon an implied promise to pay the value of the prop-

erty converted. (*Delaney v. Implement Co.*, 79 Kan. 126, 98 Pac. 781; *Douglass v. Loftus, Adm'x*, 85 Kan. 720, 119 Pac. 74, and authorities cited in the opinions.) In the Delaney case it was said:

> "In determining whether a petition states a cause of action *ex contractu* or *ex delicto* it must be considered in its entirety, but with special reference to its prominent and leading allegations. Where the averments make it doubtful whether the action is on contract or in tort every intendment must be made in favor of construing it as an action on contract." (Syl. ¶ 1.)

The two-year statute of limitations was therefore no bar to the action.

'2. Defendants further contend that the three-year statute (Civ. Code, §17, subdiv. 2), barring actions on contracts not in writing, had run when the petition was amended to make the members of the board of regents defendants. Plaintiff seeks to avoid the effect of this statute upon the theory that the original petition stated a cause of action on an implied promise, that the amendment adding the new parties relates back to the commencement of the action, and that the statute was tolled during the time the action was pending. This contention is not sound. Conceding for the purpose of the argument that the petition stated facts which disclosed a cause of action against the members of the board of regents, they were not made defendants until more than three years had expired from the date when the cause of action accrued. The filing of a petition against A, reciting facts which would authorize an action to be maintained against B, will not toll the statute as to B, if he is not made a defendant until after the statute has run. Until the amended petition added the members of the board as defendants no action seeking to establish liability against them was pending, and when the amended petition was filed the bar of the statute had fallen. (*Powers v. Lumber Co.*, 75 Kan. 687, 90 Pac. 254.)

3. The principal question raised by the appeal is whether the action can be maintained against the board of administration, the original defendant. Prior to 1913 the state university was managed and controlled by a board of regents, which was a body corporate created by the legislature. It went out of existence when the act of 1913 placed the state educational institutions in control of the state board of administration, which

was not made a body corporate. The act provided for the appointment of three members of the board, and, among other things, provided that the board shall manage and control the property of the educational institutions named, including the state university, and conferred upon the board power "to execute trusts or other obligations now or hereafter committed to any of the said institutions; to direct the expenditure of all appropriations the legislature shall from time to time make to said institutions, and the expenditure or investment of any other moneys that may accrue to said institutions by legacy, donations, or the proceeds of fees imposed by authority of law; and to do such other acts as are necessary and proper for the execution of the powers and duties conferred on them by law." (Gen. Stat. 1915, § 9710.) The power "to execute trusts or other obligations now or hereafter committed to any of the said institutions" can not be construed so as to make either the board of administration or its members liable for a tort committed by the board of regents; and the plaintiff can not by waiving the tort make either the board or its members liable upon the theory of an implied promise.

Moreover, the university is an agency of the state, created for educational purposes. It is managed by another agency of the state, created to administer its affairs and to disburse such appropriations as the legislature may provide. The board is not given corporate powers, and in the absence of express provisions authorizing the board to be sued, the action can not be maintained. Other reasons might be mentioned which sustain the trial court's ruling, but these are sufficient.

The judgment is affirmed.