No. 24,720.

CHARLES L. GARNEY, *Appellee*, v. (UNION PACIFIC RAILROAD COMPANY), JAMES C. DAVIS, as Director-general of Railroads, *Appellant*.

SYLLABUS BY THE COURT.

RAILROAD — *Under Federal Control — Action for Personal Injuries — Limitation of Action.* Subdivision (*a*) of section 206 of the transportation act of 1920 (41 U. S. Stat. at Large, ch. 91, p. 461), provided that actions based on causes of action growing out of federal control of the railroads, might be commenced against an agent to be designated by the president, within the period of limitations prescribed by state or federal statutes, "but not later than two years from the date of the passage of this act." Subdivision (*b*) provided for service of process to bring the designated agent into court, and providing for filing in the office of the clerk of each district court of the United States, lists of persons on whom process might be served. The act took effect on February 29, 1920; the agent was designated by the president on March 11, and lists were filed with the clerk of the United States district court for Kansas on June 4. The plaintiff's cause of action arose in October, 1919, but he did not make the federal agent a party to the action which he commenced, until April 12, 1922. *Held*, an indispensable condition to liability of the federal agent was not complied with, and the district court should have dismissed the action.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed February 10, 1923. Reversed.

*R. W. Blair, T. M. Lillard, O. B. Eidson,* all of Topeka, and *A. L. Berger,* of Kansas City, for the appellant.

*William G. Holt,* and *J. K. Cubbison,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injuries sustained by the plaintiff on October 3, 1919, while engaged in performance of duties as a workman in the shops of the Union Pacific Railroad Company. A demurrer to the petition was overruled, and the defendant appeals.

On June 21, 1921, action for the injury complained of was commenced against the railroad company alone. On April 12, 1922, the plaintiff amended his petition by making the director-general a party, and by making the allegations which the amendment necessitated. On April 12, 1922, the director-general was served with

process, and in due time he demurred to the petition, for the following reason:

"Because the cause of action sued on is alleged to have accrued on October 3, 1919, and this action was not brought against this defendant until April 12, 1922, and was therefore brought more than two years after the passage of the transportation act of 1920, which act was enacted and became effective on February 29, 1920, and said cause of action was therefore barred when this action was commenced against this defendant, by section 206 of said transportation act."

As indicated, this demurrer was overruled. The railroad was discharged on demurrer to the petition, because the accident occurred while its transportation facilities were operated by the government.

The transportation act of 1920 became effective on February 29, 1920. Pertinent provisions read as follows:

"SEC. 206. (a) Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this Act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes but not later than two years from the date of the passage of this Act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier.

"(b) Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized by law to be served with process in proceedings brought against such carrier and if a contract has been made with such carrier by or through the President for the conduct of litigation arising out of operation during Federal control. If no such contract has been made process may be served upon such agents or officers as may be designated by or through the President. The agent designated by the President under subdivision (a) shall cause to be filed, upon the termination of Federal control, in the office of the Clerk of each District Court of the United States, a statement naming all carriers with whom he had contracted for the conduct of litigation arising out of operation during Federal control, and a like statement designating the agents or officers upon whom process may be served in actions, suits, and proceedings arising in respect to railroads or systems of transportation with the owner of which no such contract has been made; and such statements shall be supplemented from time to time, if additional contracts are made or other agents or officers appointed." (41 U. S. Stat. at Large, ch. 91, § 206, p. 461.)

Garney v. Railroad Co.

The fifteenth paragraph of the plaintiff's petition reads as follows:

"That the President of the United States designated the Union Pacific Railroad Company, as its agent, upon which service could and should be made in all actions growing out of Federal control; that the appointment of the Union Pacific Railroad Company as the agent of the government was not filed in the office of the clerk of the district court of the United States for the district of Kansas until June 4, 1920."

The contention of the plaintiff is that because designation of a person on whom process might be served was not filed until June 4, 1920, the suit might be commenced at any time before June 4, 1922. ·The difficulty with the contention is, it requires erasure from the act of congress of a very definite and plain provision, and the insertion of another provision more adaptable to the plaintiff's needs.

After relinquishing control of the railroads, the government was not obliged to suffer itself to be sued, through an agent or otherwise, on account of causes of action arising out of possession and use of the transportation systems of the country. Having decided to permit actions to be maintained, the government could impose such conditions as it saw fit. One was that actions must be brought within the period of appropriate state or federal statutes of limitations. Another was that actions must be brought not later than two years from date of passage of the transportation act, or not later than February 28, 1922. This condition was not affected, modified, relaxed, or tolled, by anything else contained in the act.

A government agent who might be named as defendant was to be designated within thirty days after passage of the act; but the limit of time within which actions might be brought against him was not thereby extended thirty days, or any other period. Provision was then made relating to service of process to bring the designated agent into court. Certain lists were to be filed, which might be supplemented from time to time. These provisions, like the one for designation of an agent, went into effect with passage of the act, and were to be complied with afterwards; but the set time within which the government consented the remedial scheme might be used against it was not extended a single day. We are not dealing here with a statute of limitations, but with a condition imposed on exercise of a privilege, and the uncompromising language is, "but not

The plaintiff says his petition states a good cause of action, either at common law, or under the workmen's compensation act of this

state.  Granted.  He did not assert it against the federal agent within the period he was permitted to do so.  The plaintiff says his cause of action was not changed by amendment of the petition, and it may be conceded the cause of action is just what it has always been since the day of the accident.  The point is, he did not assert it against the federal agent according to the conditions making that official liable to respond.  The plaintiff cites a case in which suit was brought against a railroad company for damages for injury occurring during federal control, and it was held proper to bring in the federal agent by amendment.  True enough.  The fault in the present proceeding is not that the federal agent was charged by amendment of a pleading in a pending action, but that the plaintiff did not bring him in within the period he was subject to suit. The plaintiff cites cases in which, to correct a mistake, the proper plaintiff was substituted for the one in whose name the action had been commenced.  In such cases it is held the cause of action is not changed, and the substitution may be made, although the time for commencing an action after the cause of action arose, has expired. The cases were well decided, but have no application to this controversy.  Here the federal agent, made liable by concession of the government, if called on to answer within a fixed period, was not brought in until the period had expired.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition, and to dismiss the action.