No. 25,951.

GEORGE LUKENS, *Appellant*, v. JOHN BARTON PAYNE, as Director General of Railroads, *Appellee*.

SYLLABUS BY THE COURT.

RAILROADS—*Federal Control—Damages—Limitation of Action*. The beginning of an action against a railroad company upon a cause arising out of the operation of the road by the federal director general does not suspend the running of the two years from the passage of the transportation act of February 28, 1920, within which actions of that character against the agent appointed by the president were required to be brought.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed May 9, 1925. Affirmed.

*Samuel Griffin*, and *W. E. York*, both of Medicine Lodge, for the appellant.

*William R. Smith*, *Owen J. Wood*, *Alfred A. Scott*, and *Alfred G. Armstrong*, all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: On January 28, 1921, the plaintiff sued the Santa Fe Railway Company for damages to live stock in transit in November, 1919. A motion to make the petition more definite and certain by setting out the details of the shipment was sustained, and a later motion of a similar character was sustained in part. On February 2, 1923, a demurrer to the amended petition was sustained on the ground that at the time referred to the road was not being operated by the defendant, but by the director general of railroads, being under federal control. This ruling is not attacked, and was obviously correct. (*Missouri Pac. R. R. Co. v. Ault*, 256 U. S. 554.) On June 5, 1923, an amended petition was filed, naming as defendant Walker D. Hines, director general, and on February 11, 1924, a further amendment was made substituting the name of John Barton Payne, described as director general. A demurrer to the petition as so amended was sustained, and this appeal is taken from that ruling.

An action against the agent designated by the president on a cause arising out of the operation of railroads under federal control was required by the transportation act of February 28, 1920, to be brought within two years from that date. (41 U. S. Stat. 461, § 206.) The demurrer of the present defendant was properly sus-

tained on that ground. The plaintiff invokes the provision of the state code of procedure authorizing liberal amendments to pleadings (R. S. 60-759) and decisions of this and other state courts—of which *Service v. Bank,* 62 Kan. 857, 62 Pac. 670, is an example—that a substitution of parties may sometimes be made after the expiration of the limitation period. We have to do here, however, with a federal statute granting the right, which otherwise did not exist, to sue the agent designated by the president, provided the action were brought within the period of existing statutes of limitation, and within two years from the passage of the act. To comply with that condition it was necessary that the director general should have been made the defendant within that period. (*Garney v. Railroad Co.,* 112 Kan. 823, 212 Pac. 659.)

James C. Davis succeeded John Barton Payne as federal railroad agent on March 28, 1921, and the federal rule appears to be that he should have been substituted within a year. It may be, however, that so far as this feature of the case is concerned, the appearance in the name of Payne after his representative capacity had ceased brought about an informal but effective substitution. (*Toothaker v. Railroad Co.,* 112 Kan. 304, 210. Pac. 1110.)

The judgment is affirmed.