No. 27,066.

THE COMMERCIAL NATIONAL BANK, *Appellee,* v. T. P. TUCKER et al., *Appellants,* H. F. LOWDER, *Appellee.*

SYLLABUS BY THE COURT.

1. PROCESS—*Service of Summons—Time of Service.* Our statute does not authorize the issuance and service of summons before the filing of a petition.

2. LIMITATIONS OF ACTIONS—*Computation of Period—When Action Deemed Commenced.* For the purpose of computing the statute of limitations an action is deemed commenced against the defendant upon the filing of a petition which states a cause of action against him and the service of process upon him.

3. SAME—*Agreement to Extend Period.* The period of the statute of limitations cannot be changed by agreement of the parties.

Appeal from Greeley district court; CHARLES E. VANCE, judge. Opinion filed April 9, 1927. Affirmed.

*W. M. Glenn* and *George L. Reid,* both of Tribune, for the appellants.
*Clement L. Wilson,* of Tribune, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: In an action on a promissory note defendants asked that an additional party be made defendant. This was done. The original defendants then filed a cross petition against the new defendant seeking to hold him liable to the plaintiff jointly with themselves. The newly made defendant demurred to the cross petition. The demurrer was sustained. The original defendants have appealed.

Briefly, the material matters, as shown by the record, are as follows: On May 25, 1925, the plaintiff, a holder in due course, sued for the balance due on a promissory note for $4,400, dated October 13, 1924, signed by T. P. Tucker, George L. Reid, Robert Pringle, Charles Morgan and J. S. Davidson, payable to W. M. Glenn, and by him indorsed. All of the makers and the indorser were made parties defendant and were personally served with summons. On June 18, 1925, the original defendants filed a motion that H. F. Lowder (and others, whose rights are not in controversy here) be made parties defendant and be required to plead to the petition of

Limitations of Actions, 37 C. J. pp. 728 n. 2, 844 n. 78, 1058 n. 92; 17 R. C. L. 811. Process, 32 Cyc. p. 426 n. 38.

the plaintiff and the cross petition to be filed by these defendants. This motion was sustained. On July 6, 1925, upon a præcipe filed by the original defendants a summons was issued and served July 8, 1925, personally on H. F. Lowder. On October 20, 1925, the original defendants filed a cross petition against H. F. Lowder (and the other new defendants) in which it was alleged in substance that on September 3, 1919, The Mercantile Company, a corporation, executed and delivered its promissory note, payable six months after date, to Ward Lobdell for an actual loan of $5,000; that such note was indorsed in blank by H. F. Lowder and others, and was afterwards assigned and transferred to the plaintiff in this case; that at the maturity of such note, March 3, 1920, a renewal note was executed on behalf of The Mercantile Company by defendants other than H. F. Lowder for $5,000, due in six months from date, payable to Ward Lobdell, which was afterwards assigned and transferred to the plaintiff in this case; that at various times thereafter, for periods of sixty, ninety, or one hundred and eighty days, renewal notes were executed for the same indebtedness and signed by some or all of the defendants (other than H. F. Lowder). It was further alleged that defendant H. F. Lowder had been absent from the state of Kansas from November 1, 1923, to April 1, 1924. The prayer was that if plaintiff recovered judgment that the court decree that the principal debtor is The Mercantile Company, and that the judgment be rendered against all of the original defendants and the new defendants, including H. F. Lowder, as equally liable. H. F. Lowder's demurrer to this cross petition was sustained. The court rendered judgment in favor of plaintiff against the defendants originally named and against the new defendants, other than H. F. Lowder, brought into the case by the motion and cross petition of the original defendants. No amendment was ever made to the petition in the case.

The principal question presented is the statute of limitations. There is no contention that H. F. Lowder signed or indorsed any of the notes except the one dated September 3, 1919, which was due March 3, 1920. He was served with summons in this case on July 8, 1925, but no petition was filed against him, naming him as a party defendant and attempting to state any cause of action against him, until October 20, 1925. No summons was served after the petition was filed. It is unusual to serve a party with summons before a petition is filed against him, and there is no statute author-

izing such procedure. It is difficult to see how such a summons could be of any value. The statute provides:

"A civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." (R. S. 60-301.)

For the purpose of computing the statute of limitations an action is deemed commenced, "as to each defendant, at the date of the summons which is served on him." (R. S. 60-308.) But this section of the statute contemplates that a petition has been filed stating, or at least attempting to state, a cause of action against such defendant, as provided by R. S. 60-301. Even if a petition had been filed before summons was issued, but such petition stated no cause of action against the defendant in question, and at some time later the petition was amended so as to state a cause of action against such defendant, the date of the filing of such amended petition would be the date of the commencement of the action against such defendant. (*Railway Co. v. Bagley*, 65 Kan. 188, 69 Pac. 189; *Taylor v. Swift & Co.*, 114 Kan. 431, 219 Pac. 516.) The first and only petition filed in this case against H. F. Lowder, attempting to state a cause of action against him, was the cross petition filed October 20, 1925. For the purpose of computing the statute of limitations the action was commenced against him on that date. Counting the time when the note which he signed came due, March 3, 1920, to the date the petition was filed against him, October 20, 1925, the time was five years seven months and seventeen days. It was alleged in the cross petition that he had been absent from the state five months. Deducting that time, the cross petition was filed five years two months and seventeen days after the note he signed came due, which is two months and seventeen days more than the period of the statute of limitations for an action upon such note. (R. S. 60-306, 1st clause.) The trial court was correct in holding that the statute of limitations had run as against Lowder.

Appellants call attention to a clause in the body of the note dated September 3, 1919, reading as follows:

"The makers and indorsers of this note hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest and consent that time of payment may be extended without notice thereof."

H. F. Lowder indorsed this note in blank. He was otherwise a stranger to the instrument; that is, he was not a maker nor the payee. Whatever may be the true construction of this clause in other re-

spects, it does not extend the period of the statute of limitations for an action on the note. H. F. Lowder could have been sued on his liability as indorser on this note the day after it became due; hence, the statute of limitations began to run as to him on that date. But the statute of limitations cannot be modified or extended by agreement. (R. S. 60-306, 7th clause.)

The judgment of the court below is affirmed.