No. 29,787.

W. F. CHALLIS, *Appellant,* v. ED HARTLOFF and J. W. MACHIN, doing business as the WAMEGO SEED AND ELEVATOR COMPANY; J. K. MULLEN, as the HAYS CITY FLOUR MILL; and THE COLORADO MILLING AND ELEVATOR COMPANY, *Appellees.*

(299 Pac. 586.)

Opinion filed June 6, 1931.

*William E. Smith* and *W. F. Challis,* both of Wamego, for the appellant.

*E. A. Rea, E. C. Flood,* both of Hays, and *E. C. Brookens,* of Westmoreland, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover damages from two individuals and one corporation for personal injuries on account of the sale by the defendants of impure and poisoned flour.

The purchase of the flour from one of the individual defendants, a retail merchant, was made July 21, 1926. The retail merchant at an earlier date in the same month purchased the flour from the other individual defendant, who was a broker and who in turn during the same month purchased it from the corporation defendant engaged in the business of manufacturing flour for sale. It is alleged that when each of these sales was made the flour contained a deadly and dangerous poisonous substance such as would produce sickness and death, and that they each impliedly warranted it to be pure and free from harmful ingredients.

The action was commenced in the district court on July 20, 1929, and service was had on the two individual defendants the same day. The original petition did not make the corporation a party defendant, but on November 21, 1929, an amended petition was filed making it a defendant, after leave of court had been procured to do so. Demurrers were filed by all the defendants to the amended petition.

They were overruled as to the individual defendants and sustained as to the corporation on the ground that the action was barred by the statute of limitations. From this ruling the plaintiff appeals.

Although it does not particularly strengthen the position of the appellant, it is only fair to state that the original petition made one J. K. Mullen a party defendant, referring to him as doing a milling business under the name of the corporation, later made a party defendant. No service was had upon him and after his death in August, 1929, the amended petition made the corporation a party defendant.

The sole question involved in this appeal is: Whether the action against the corporation was barred by the statute of limitations?

Appellant relies upon the provisions of R. S. 60-308 to avoid the three-year statute of limitations and to make the service on the corporation relate back to the service on the two individual defendants as codefendants united in interest with the corporation in the alleged obligation and liability to the plaintiff. The statute is as follows:

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him."

This is not an action upon contract and we will therefore not be concerned with the term "joint contractor."

Two propositions are to be considered in applying this statute to the situation in this case: First, Are the individual defendants on whom service was had within time united in interest with the corporation? and, second, Was the defendant corporation such a defendant as was contemplated by the terms of the statute?

The implied warranty of each of the defendants was separate and distinct from that of the other defendants. It was a series of warranties by each seller to the immediate purchaser and such as would accumulate and assemble for the protection and benefit of the ultimate purchaser and consumer, but without any indication of unity of interest. The milling company could not know of the arrangement between the broker and the local merchant, nor of that between the local merchant and the plaintiff, nor did it know who these successive purchasers were. The fact that the implied warranty, as alleged, is the same as to each of the three defendants does not make them united in interest any more than if each had made and given a separate express warranty. They are each liable to the

plaintiff on their warranties through the succession of sales and purchases, and can be sued together as was held in *Malone v. Jones*, 91 Kan. 815, 139 Pac. 387, and *Parks v. Pie Co.*, 93 Kan. 334, 144 Pac. 202, but may or may not be united in interest.

In the case of *Rice & Floyd v. Simpson*, 30 Kan. 28, 1 Pac. 311, it was held in a foreclosure procedure on a mechanic's lien that the original owner of the land was not united in interest with either the present owner, after several transfers, or the assignee of the mortgage on the property, so as to come under the provisions of R. S. 60-308 and make the action as one deemed commenced at the date of the service of summons on the original owner.

The application of this statute was considered by analogy in the case of *Paving Co. v. Botsford*, 50 Kan. 331, 31 Pac. 1106, but there the two parties made defendants in error in the supreme court had originally brought the action in the district court as plaintiffs and had obtained a joint judgment which in a measure committed them to a unity of interest.

The other feature of this question is whether the statute applies to a defendant so designated and named at the time of the service of the first summons or to one made a defendant by a later amendment. The statute provides that "An action shall be deemed commenced, within the meaning of this article, as to each defendant," etc. Naturally this means each defendant at the time of the service on some of the other defendants rather than each and every defendant who might by amendment afterwards be made such.

"The general rule is well settled that, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties. The suit cannot be considered as having been commenced against them until they are made parties." (37 C. J. 1066.)

"An amendment bringing in a new plaintiff or defendant does not affect the time at which the action is considered as commenced with regard to the original plaintiff or original defendant; but it is ordinarily held that where a new defendant is brought in by amendment, the action is commenced as to him only when he is made a party . . ." (1 C. J. 1160.)

"In an action against a railroad company for permanently appropriating a street in front of plaintiff's lots by laying its track therein, stopping his ingress and egress, damages were claimed as for a quasi condemnation of the property by the wrongful use of the street. After the action had been pending for more than ten years plaintiff, by amendment, sought to bring in another railway company as defendant, charging it with conspiring with the first to appropriate the street. *Held,* that any recovery against the new defendant was barred by the statute of limitations." (*Anderson v. Railroad Co.,* 71 Kan. 453, syl., 80 Pac. 946.)

It would seem from these opinions that the defendant referred to in the statute must be one who was then a defendant in the case. If otherwise, why exclude the defendant under the ten-year late amendment in the railroad case, *supra?* (See, also, *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; and *Taylor v. Swift & Co.,* 114 Kan. 431, 219 Pac. 516.) In the case of *Commercial Nat'l Bank v. Tucker,* 123 Kan. 214, 254 Pac. 1034, this section was construed as applied to a party made defendant by amendment where the new defendant had been one of the indorsers of the original note, the last renewal of which was the basis for the action, and it was held that there must be a petition on file making him a defendant and stating a cause of action against him before the action could be deemed commenced as to him. The following is one paragraph of the syllabus:

"For the purpose of computing the statute of limitations an action is deemed commenced against the defendant upon the filing of a petition which states a cause of action against him and the service of process upon him." (Syl. ¶ 2.)

In the opinion it was said:

"For the purpose of computing the statute of limitations an action is deemed commenced, as to each defendant, at the date of the summons which is served on him. (R. S. 60-308.) But this section of the statute contemplates that a petition has been filed stating, or at least attempting to state, a cause of action against such defendant, as provided by R. S. 60-301. Even if a petition had been filed before summons was issued, but such petition stated no cause of action against the defendant in question, and at some time later the petition was amended so as to state a cause of action against such defendant, the date of the filing of such amended petition would be the date of the commencement of the action against such defendant." (p. 216.)

The same principle was announced under a similar state of facts in the case of *Garrity v. Board of Administration,* 99 Kan. 695, 162 Pac. 1167, as follows:

"The filing of a petition against A reciting facts which would authorize an action to be maintained against B will not toll the statute as to B, if he is not made a defendant until after the statute has run." (Syl. ¶ 2.)

We conclude that this action could not be deemed commenced under R. S. 60-308 against the corporation until it had been named as a defendant in the case and a petition had been filed stating a cause of action against it, and therefore the statute of limitations had run against the corporation and its demurrer was properly sustained.

The judgment is affirmed.