No. 43,023

Jewell Wyckoff, *Appellee,* v. George Bennett, *Appellant.*

(380 P. 2d 332)

Opinion filed April 6, 1963.

*J. W. Mahoney,* of Kansas City, argued the cause, and *David W. Carson* and *John K. Dear,* of Kansas City, and *Lewis W. Sanders* and *Paul H. Niewald,* of Kansas City, Missouri, were with him on the briefs for the appellant.

*Stephen J. Dolinar* and *Felix G. Kancel,* of Kansas City, argued the cause, and *Charles F. Burkin,* of Kansas City, was with them on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This was an action for damages which plaintiff alleged she sustained as the result of a fall at an ice skating rink on February 1, 1959. The jury returned a verdict in favor of the plaintiff, and the defendant has appealed.

The action was commenced against George Bennett, "an individual doing business as Lakeside Enterprises" on January 19, 1961, thirteen days before the statute of limitations had run. (G. S. 1949, 60-306, *Third.*) Service was obtained upon the individual defendant on January 21, 1961, and on February 17, 1961, some seventeen days after the statute of limitations had run and within the time for a responsive pleading, the defendant filed a motion for additional time to plead, which was granted by the court. Thereafter, the defendant filed a motion to make definite and certain which was sustained in part and the plaintiff filed an amended petition. The defendant filed a demurrer which was overruled, and on June 7, he filed his answer in which he admitted his residence, but denied each and every other allegation including his operation of Lakeside Enterprises as an individual. He further alleged that if plaintiff sustained any injury, such injury was caused by her negligence. On the following day, June 8, 1961, plaintiff filed her reply to defendant's answer thus forming the issues for trial.

On October 5, 1961, at a pretrial conference the plaintiff requested that the individual defendant admit he was the owner and operator of the Lakeside Enterprises. The record indicates the following:

"MR. KANCEL: . . . My question is: Are we going to have to prove at the time of trial that the defendant George Bennett was the owner and operator of this business?

"THE COURT: Well, you're going to have to do it unless they admit it.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"MR. KANCEL: Well, I'm not—all I want to know is are we going to have to prepare to prove George Bennett was the owner and operator of this business. If you don't admit it, I will.

"MR. MAHONEY: I will tell you, I'm not in a position to admit or deny it now."

However, counsel for the defendant admitted that George Bennett was the owner of the real estate upon which Lakeside Enterprises was constructed.

On November 20, 1961, the trial began but prior to the impanelling of the jury, plaintiff's counsel requested another pretrial conference "for the purpose of determining whether or not George Bennett was the correct and proper party defendant in this cause of action," and "to ascertain whether or not the counsel for the defense would stipulate as to the ownership and operation of the Lakeside Ice Skating Rink." Thereafter the following colloquy occurred:

"THE COURT: Well, the pleading in paragraph 2 states, 'that at all times the defendant,' now, that's George Bennett, 'was an individual doing business as Lakeside Enterprises and was engaged in the operation of various concessions for the entertainment of the public, one of which was a public ice skating rink located at 91st and Leavenworth Road,' that's which is involved in this case. It doesn't relate to the title to the real property as far as the petition is concerned. I will ask counsel for the defendant if they care to state who operated Lakeside Enterprises at the time it's mentioned and complained of in the petition.

"MR. NIEWALD: Yes, Your Honor, George Bennett Construction Company, Inc."

The record indicates that the George Bennett Construction Company, Inc., was incorporated on December 30, 1958, some 28 days before the accident, and was the operator of the ice skating rink on February 1, 1959; further, at no time did plaintiff's counsel request that counsel for the defendant stipulate that George Bennett Construction Company, Inc., was the operator of the ice skating rink and the correct party defendant. Thereafter, counsel for plaintiff stated:

"MR. KANCEL: Your Honor, based on the pleadings, and no issue under oath has ever been filed on behalf of the defendant denying under oath that he did in fact operate the rink, we move the Court that under G. S. 60-705, that gives the Court the power at his discretion to amend the pleadings, to allow us to bring in George Bennett Construction Company, Inc., which the defendant has just read into the record—that they admit operated the rink; that we move the Court allow us to amend our pleadings to conform to this admission on the part of the defendant.

"THE COURT: You said 705. That's grounds of demurrer.

"MR. DOLINAR: That statute is 60-759, Your Honor.

"THE COURT: I have that power before the statute runs. I don't have that power after the statute.

"MR. DOLINAR: If it isn't the plaintiff would again like to ask the Court for leave to amend its pleadings so as to include the name 'Construction Company, Inc.,' on the style of the law suit behind the name of George Bennett. Pardon me, *leave to amend so as to change the style of the suit to read from 'George Bennett' to 'The George Bennett Construction Company, Inc.,'* based upon the

admission of the defendant this morning that the George Bennett Construction Company, Inc., did, in fact, operate the Lakeside Ice Skating Rink.

"THE COURT: At the time of the accident.

"MR. DOLINAR: At the time of the alleged injuries on February 1, 1959." (Emphasis supplied.)

The district court observed that it had the power to make the requested amendment either before or after judgment in the furtherance of justice, but before deciding whether the plaintiff's request was in the furtherance of justice it wanted to hear all the evidence, and the trial proceeded.

Plaintiff made an opening statement to the jury and introduced evidence that on February 1, 1959, she went to the Lakeside Ice Skating Rink to skate; that she paid her admission; that after skating for approximately two or three hours she left the ice portion to go to the concession stand, that after taking two or three steps her skate blade caught suddenly and lodged in a space between the heavy solid rubber mats placed upon the cement floor between the ice portion of the rink and the refreshment stand, and that the cracks or spaces between the mats were hidden by ice and slush which had collected there.

The plaintiff produced three witnesses who were employees of the Kansas City Kansan, a local daily newspaper, one of whom was John R. Thompson who, on cross-examination, identified three checks of the George Bennett Construction Company, Inc., dated both prior to and after the date of plaintiff's alleged fall, to prove that the corporation paid the paper for the advertising of Lakeside Enterprises. The plaintiff rested her case, and the defendant demurred to plaintiff's evidence, which was overruled. The record indicates the defendant elected to stand on his demurrer to plaintiff's evidence, and rested. Thereafter, the following proceedings occurred:

"MR. KANCEL: If the court please, at this time based upon the admission of the defendant at the pre-trial preceding the trial that the George Bennett Construction Company, Inc., was the operator of the ice skating rink on February 1, 1959, we respectfully request that the proposed amendment which is under consideration by the Court to include George Bennett Construction Company be granted at this time or be ruled on, also based upon the evidence that the defendant has introduced in regard to these checks and the payment of these debts.

"MR. NIEWALD: We would make the same objections to the amendment, Your Honor. We are not contending, of course, that George Bennett Construction Company, Inc., was not the operator of this skating rink. We still

would object to the amendment for the grounds set forth in the argument and the briefs and the law submitted to the Court before we commenced the actual trial of this law suit.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"THE COURT: I was sustaining it to substitute the name George Bennett Construction Company, Inc., *in lieu of* George Bennett doing business as Lakeside Enterprises because of the proof offered by the defendant—

"MR. MAHONEY: Well, if Your Honor please, if I may—

"THE COURT: Distinguished as being a co-defendant.

"MR. MAHONEY: That was their motion—to join him as a co-defendant.

"THE COURT: I understand that but probably I should have stated it clearly at the time.   I am permitting the amendment *to substitute* the George Bennett Construction Company, Inc., *in lieu of* George Bennett doing business as Lakeside Enterprises in view of the evidence offered by the defendant.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"MR. MAHONEY: May I ask the plaintiffs if they are amenable to the Court's ruling that the defendant, George Bennett, be substituted for by the defendant, George Bennett Construction Company, Inc., in view of the fact their original motion was to join the construction company, Inc., as a co-defendant?

"MR. KANCEL: Your Honor, based upon the defendant's admissions, we are.

"MR. MAHONEY: You are agreeable with the substitution?

"MR. KANCEL: Correct." (Emphasis supplied.)

Thereafter, counsel for the defendant advised the court that they were not entering the appearance of George Bennett Construction Company, Inc., and they moved for judgment upon the ground that the statute of limitations had run as to the plaintiff against any party other than George Bennett an individual doing business as Lakeside Enterprises.   The motion was overruled.

The defendant principally contends that when the district court sustained the plaintiff's motion to amend the petition as to parties defendant and substituted George Bennett Construction Company, Inc., in lieu of the individual defendant, some nine months after the statute of limitations had run (G. S. 1949, 60-306, *Third*) the plaintiff had no enforceable cause of action against any defendant and the action should have been dismissed.   The point is well taken. Throughout the lawsuit there was never any question as to the position of the individual defendant.   He denied always the claim that he had the authority alleged in the petition and the first time he was requested to do anything other than admit that he was the owner of the real property, he stated frankly that the George Bennett Construction Company, Inc., operated the ice skating rink and was the proper party defendant.

The plaintiff alleged and proved she sustained injury on February 1, 1959, and any claim she had against the operator of the ice skating rink became unenforceable from and after February 1, 1961. ( G. S. 1949, 60-306, *Third.* )

While the district court is authorized by G. S. 1949, 60-759, either before or after judgment, in the furtherance of justice and on such terms as may be proper, to amend any pleading by adding or striking out the name of any party when the amendment does not change substantially the claim or defense, it did not sustain the plaintiff's motion to make the George Bennett Construction Company, Inc., a party defendant until November 22, 1961, which was more than nine months after the statute of limitations had run as to the plaintiff against that defendant. It is well settled in this state that G. S. 1949, 60-759 does not permit the naming of another defendant after the statute of limitations has run as to plaintiff's cause of action. This point was decided in the recent case of *Logan-Moore Lumber Co. v. Black,* 185 Kan. 644, 347 P. 2d 438, where it was held:

"It is clear that a pleading, though filed in time against one party under the foregoing statute, cannot be amended after the expiration of the statute of limitations to name another party as a defendant. ( *Anderson v. Railroad Co.,* 71 Kan. 453, 80 Pac. 946; *Garrity v. Board of Administration,* 99 Kan. 695, 162 Pac. 1167; *Challis v. Hartloff,* 133 Kan. 221, 299 Pac. 586; see, also, *Garney v. Railroad Co.,* 112 Kan. 823, 212 Pac. 659; *Lukens v. Payne,* 118 Kan. 547, 235 Pac. 841; and *Commercial Nat'l Bank v. Tucker,* 123 Kan. 214, 254 Pac. 1034.)" (l. c. 651.)

In *Garrity v. Board of Administration,* supra, it was held:

"The filing of a petition against A reciting facts which would authorize an action to be maintained against B will not toll the statute as to B, if he is not made a defendant until after the statute has run." ( Syl. ¶ 2.)

In *Challis v. Hartloff,* supra, it was said:

" 'The general rule is well settled that, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties. The suit cannot be considered as having been commenced against them until they are made parties.' " (l. c. 223.)

In *Anderson v. Railroad Co.,* supra it was held:

"In an action against a railroad company for permanently appropriating a street in front of plaintiff's lots by laying its track therein, stopping his ingress and egress, damages were claimed as for a *quasi*-condemnation for the property by the wrongful use of the street. After the action had been pending for more than ten years plaintiff, by amendment, sought to bring in another railway company as defendant, charging it with conspiring with the first to appropriate the street. *Held,* that any recovery against the new defendant was barred by the statutes of limitations."

We have examined, not overlooked, the authorities cited by the plaintiff from foreign jurisdictions that the district court had authority to substitute the corporate defendant for the individual defendant after the statute of limitations had run. Those authorities are not controlling. As we have seen, it is the law of this state that the filing of a petition against the individual defendant reciting facts which would authorize an action to be maintained against the corporate defendant will not toll the statute as to the latter, if it was not made a defendant until after the statute had run. (*Garrity v. Board of Administration*, supra.)

The record discloses that counsel for plaintiff was first advised by answer that the individual defendant denied the operation of the skating rink. At the pretrial conference on October 5, 1961, counsel for plaintiff attempted to get the individual defendant to stipulate that he was "the owner and operator of the business." He admitted he owned the property, but did not admit he operated the skating rink on February 1, 1959. Thereafter, on motion of the plaintiff, the court substituted the corporate defendant in lieu of the individual defendant and the case proceeded against the corporate defendant. We think it is clear that when the corporate defendant was substituted in lieu of the individual defendant, the court's order had the effect of dismissing the action as to the individual defendant, and there then existed no defendant against whom the plaintiff had an enforceable cause of action.

G. S. 1949, 60-3317 relates to powers of the supreme court on appellate review, and reads, in part, as follows:

". . . in any case pending before it, the court shall render such final judgment as it deems that justice requires, or directs such judgment to be rendered by the court from which the appeal was taken. . . ."

In accordance with the foregoing statute, we are of the opinion this case must be reversed with directions to the district court to enter judgment dismissing plaintiff's action.

It is so ordered.