No. 43,897

JOSEPHINE SKEEN, *Appellee*, v. THE SISTERS OF ST. JOSEPH OF WICHITA, KANSAS, a Corporation, *Appellant*.

(398 P. 2d 587)

Opinion filed January 23, 1965.

*L. D. Klenda*, of Wichita, argued the cause, and *Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Markel, Harry L. Hobson, Bruce W. Zuercher, Charles M. Cline, Richard A. Loyd*, and *Stephen M. Blaes*, all of Wichita, were with him on the briefs for the appellant.

*Mearle D. Mason*, of Wichita, argued the cause and *Theodore H. Hill* and *Richard L. Fox*, both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This case stems from an action for damages for alleged malpractice on the part of a hospital. The appeal is from orders of the district court denying a motion to quash the service of summons and overruling a demurrer to the amended petition.

The facts necessary to present the issues may be stated briefly.

On June 24, 1963, the plaintiff, Josephine Skeen, filed a petition for injuries alleged to. have occurred on July 3, 1961, of which she was fully aware on July 9, 1961. The allegations of the petition identifying the defendant read:

". . . that the defendant, St. Joseph Hospital and Rehabilitation Center, is a Kansas Corporation and maintains its hospital and office and principal place of business in Wichita, Sedgwick County, Kansas, . . ."

The praecipe for summons, so far as here material, states:

"Issue Summons in the above entitled cause, returnable according to law and direct the same to the sheriff of Sedgwick County, State of Kansas, to or for the defendants St. Joseph Hospital and Rehabilitation Center, a Corporation, by serving Mother Mary Ann, Administrator, 3400 Grand, Wichita, Kansas . . ."

Summons was issued and served in accord with the request in the praecipe on June 26, 1963. A motion to quash the service of summons was filed July 23, 1963, and sustained on August 5, 1963. The court's action with respect to the motion is reflected by a journal entry which reads:

"The defendant appeared specially and for no other reason whatsoever, contesting the jurisdiction of the court.

"The court having examined the file, being advised in the premises and hearing arguments of counsel pertaining to jurisdiction found that there exists no such corporation as St. Joseph Hospital and Rehabilitation Center and the Service of summons is void and of no force and effect."

Plaintiff filed an amended petition on August 12, 1963, containing the same allegations as the original petition except "The Sisters of St. Joseph of Wichita, Kansas, a corporation," was named as the defendant. An alias summons was issued and served on the newly designated defendant on August 19, 1963. A motion to quash the service of the alias summons was filed on September 11, 1963, and overruled on September 30, 1963. Subsequently, and on October 11, 1963, a demurrer was filed by the defendant attacking the petition on the ground that the action was barred by the statute of limitations. This demurrer was overruled on October 21, 1963. Thereupon the defendant perfected the instant appeal presenting the following points as grounds for reversal of the trial court's rulings:

"(1) Alias process was not procedurally available to the appellee because the original summons had not been returned 'Not Summoned' as required by G. S. 1949, 60-2505.

"(2) The Statute of Limitations ran on this cause of action no later than July 9, 1963, and as of that date, no action had been commenced against this appellant."

We shall first consider whether the statute of limitations ran on appellee's cause of action as of July 9, 1963. If so, the determination of that question will dispose of the entire controversy.

It would seem clear that a petition filed against one party defendant cannot be amended after the running of the statute of limitations to name an entirely new party as defendant.

The fact that the two year statute of limitations (G. S. 1949, 60-306, *Third.*) applies is not disputed. Since the injury occurred not later than July 9, 1961, the action must have been commenced on or before July 9, 1963. An action cannot be deemed commenced until a petition is filed (G. S. 1949, 60-301) naming a defendant upon which service of summons is to be had. (G. S. 1949, 60-308.)

Appellee contends that since she filed her original action on June 24, 1963, the amended petition filed August 12, 1963, which substituted "The Sisters of St. Joseph of Wichita, Kansas, a corporation" for "St. Joseph Hospital and Rehabilitation Center, a corporation" as defendant, related back to the original petition preventing a bar by the statute of limitations. Appellant relies upon the case of *Russell v. American Rock Crusher Co.*, 181 Kan. 891, 317 P. 2d 847, where the name of the defendant was changed from "J. A. Tobin" to "J. E. Tobin." In that case this court stated:

"There is nothing irregular about the correction of the name of the party to a lawsuit. In fact the court has a wide discretion in this matter and it has long been settled in this jurisdiction that such a correction or amendment relates back to the date of the filing of the original petition." (p. 897.)

The above case, permitting the correction of the middle initial of a defendant, cannot be regarded as authority for amending a petition to add an entirely different named defendant.

This court has approved the general rule that where there is an amendment of a petition bringing in new parties defendant the statute of limitations continues to run in their favor until thus made parties. (*Challis v. Hartloff*, 133 Kan. 221, 223, 299 Pac. 586.)

The question now under consideration was before this court in *Wyckoff v. Bennett*, 191 Kan. 180, 380 P. 2d 332, where early decisions were reviewed as follows:

". . . It is well settled in this state that G. S. 1949, 60-759 does not permit the naming of another defendant after the statute of limitations has run as to plaintiff's cause of action. This point was decided in the recent case of *Logan-Moore Lumber Co. v. Black*, 185 Kan. 644, 347 P. 2d 438, where it was held:

" 'It is clear that a pleading, though filed in time against one party under the foregoing statute, cannot be amended after the expiration of the statute of limitations to name another party as a defendant. (*Anderson v. Railroad Co.*, 71 Kan. 453, 80 Pac. 946; *Garrity v. Board of Administration*, 99 Kan. 695, 162 Pac. 1167; *Challis v. Hartloff*, 133 Kan. 221, 299 Pac. 586; see, also, *Garney v. Railroad Co.*, 112 Kan. 823, 212 Pac. 659; *Lukens v. Payne*, 118 Kan. 547, 235 Pac. 841; and *Commercial Nat'l Bank v. Tucker*, 123 Kan. 214, 254 Pac. 1034.)' (l. c. 651.)

"In *Challis v. Hartloff*, supra, it was said:

" 'The filing of a petition against A reciting facts which would authorize an action to be maintained against B will not toll the statute as to B, if he is not made a defendant until after the statute has run.' (Syl. ¶ 2.)

"In *Challis v. Harloff*, supra, it was said:

" 'The general rule is well settled that, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties. The suit cannot be considered as having been commenced against them until they are made parties.' (l. c. 223.)

"In *Anderson v. Railroad Co.*, supra, it was held:

" 'In an action against a railroad company for permanently appropriating a street in front of plaintiff's lots by laying its track therein, stopping his ingress and egress, damages were claimed as for a *quasi*-condemnation for the property by the wrongful use of the street. After the action had been pending for more than ten years plaintiff, by amendment, sought to bring in another railway company as defendant, charging it with conspiring with the first to appropriate the street. *Held*, that any recovery against the new defendant was barred by the statutes of limitations.' " (p. 185.)

Under the authority of the long line of decisions cited in *Wyckoff v. Bennett*, supra, and what is there stated and held, we are impelled to conclude there was such a dissimilarity in the named defendants that the amended petition did not relate back to the original and the cause of action against the defendant, "The Sisters of St. Joseph of Wichita, Kansas, a corporation," was barred by the statute of limitations before it was ever named as a defendant in the action.

The judgment is reversed with instructions to sustain the demurrer to the amended petition.