No. 45,158

ESLEY EARL SCHMIDT and MILDRED RUTH SCHMIDT, his wife, *Appellants*, v. CLARENCE G. NAUMAN d/b/a NAUMAN LUMBER COMPANY and C. NAUMAN LUMBER, INC., *Appellees* and *Cross-Appellants*.

(446 P. 2d 828)

Opinion filed November 9, 1968.

*Robert S. Luke*, of Burlington, argued the cause and was on the brief for appellants.

*Thomas E. Gleason*, of Ottawa, argued the cause, and *Jules V. Doty* and *Robert L. Pinet*, of Ottawa, were with him on the brief for appellee and cross-appellant.

The opinion of the court was delivered by

FATZER, J.: This was an action to recover damages for trespass and the cutting of trees on the appellants' land.

On July 25, 1964, the employees of C. Nauman Lumber, Inc., through a mistake in location, entered upon an 80 acre tract of land belonging to the plaintiffs and cut down three black walnut and three cedar trees.

On July 15, 1966, the plaintiffs filed an action for damages naming Clarence G. Nauman, an individual, d/b/a Nauman Lumber Company, as defendant. On October 10, 1966, some two years and two months after the cutting of the trees, the plaintiffs requested permission to amend the petition making C. Nauman Lumber, Inc. an additional party defendant. On October 31, 1966, the district court granted permission to amend, and the amended petition was filed on November 9, 1966, making the C. Nauman Lumber, Inc. an additional party defendant. The amended petition also increased the amount of damages claimed.

The answer of C. Nauman Lumber, Inc. alleged, among other things, that:

". . . said alleged cause of action as against this defendant is barred by the statute of limitations as set forth in K. S. A. 60-513."

The case was tried to the district court. Judgment was rendered in favor of the plaintiffs and against the defendant, C. Nauman Lumber, Inc. in the sum of $850, and costs. The action as to Clarence G. Nauman, individually, was dismissed.

The plaintiffs, being dissatisfied with the amount of the judgment, perfected this appeal, but they did not appeal from the dismissal of the action against Clarence G. Nauman, individually. The plaintiffs contend the district court erred in its measure of damages, and in excluding certain evidence under the rule used for measuring damages.

The defendant, C. Nauman Lumber, Inc., cross-appealed and contends the district court erred in permitting it to be brought in as a party defendant more than two years after the trespass occurred, and in rendering judgment against it.

It is conceded that the two year statute of limitations (K. S. A. 60-513) applies to this action.

We first consider the appellee and cross-appellant's contention. If it is sustained, all other issues become moot.

The appellants, cross-appellees, suggest that the district court had discretionary authority to permit the addition of C. Nauman Lumber, Inc. as a party defendant under the provisions of K. S. A. 60-215 (c) which reads:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading."

We do not understand K. S. A. 60-215 (c) to so apply to parties. Until such time as a person is actually made a party defendant there can be no claim or defense arising "out of the conduct, transaction, or occurrence set forth or attempted to be set forth" as to him. It is the intention of the statute of limitations that a party to be bound must have a claim filed against him or attempted to be filed against him—not someone else—before the expiration of the period provided in the statute.

In *Skeen v. Sisters of St. Joseph*, 194 Kan. 212, 398 P. 2d 587, we held:

"The filing of a petition against A reciting facts which would authorize an action to be maintained against B will not toll the statute as to B, if he is not made a defendant until after the statute has run. (Following *Garrity v. Board of Administration*, 99 Kan. 695, 162 Pac. 1167, and *Wyckoff v. Bennett*, 191 Kan. 180, 380 P. 2d 332.)" (Syl. ¶ 1.)

It will be noted that the decision in the *Skeen* case was decided more than a year after K. S. A. 60-215 (*c*) took effect. We do not understand that this statute was to be so construed as changing the import of our statute of limitations.

The appellants direct our attention to *Heath v. Martin,* 187 Kan. 733, 359 P. 2d 865. The case is not helpful to the appellants. Under the facts in the *Heath* case, the plaintiff, her counsel, the court and even counsel for the defense were misled and lulled into a false sense of security by the real party in interest during the trial of the action.

Following *Skeen v. Sisters of St. Joseph,* supra, we conclude that the filing of an action against Clarence G. Nauman, individually, did not toll the statute against C. Nauman Lumber, Inc., where it was not made a party defendant until after the statute of limitations had run.

The judgment is reversed with directions to the district court to enter judgment in favor of C. Nauman Lumber, Inc.